PER CURIAM.
Claimant, Walter E. Kuhle, seeks review of an order of the Full Commission which reversed an order of the deputy awarding permanent partial disability benefits.
Two questions are presented for decision. The first is the sufficiency of the evidence to support the deputy’s finding that claimant had sustained a 25% permanent disability of the body as a whole, despite the fact that at the time of the hearing claimant was earning more in wages than he was at the time of the injury. The second is whether the deputy erred in failing to assess penalties against the employer because of his failure to commence payments for permanent partial disability within fourteen days of the time such payments become due. § 440.20(5) F.S.A.
The facts of this case as they relate to the issue of wage earning capacity loss *330 are remarkably similar to those found in Cianci v. Florida State Beverage Department, Fla.1963, 157 So.2d 78. We are unable to distinguish this case from that one. The deputy in this case, as did the one in the Cianci case, considered all the existing factors bearing on the claimant’s wage earning capacity. He concluded that despite the fact that claimant was at the time of the hearing earning more in wages than at the time of his injury, he had nevertheless suffered a loss of wage earning capacity. We think the evidence is sufficient to support his finding.
Answer to the second question requires an interpretation of § 440.20(5) F.S.A.
This subsection mandatorily requires, with certain exceptions, the imposition of the prescribed 10% penalty whenever “ * * * any installment of compensation payable without an award is not paid within fourteen days after it becomes due, as provided in subsection (2) [of Sect. 440.20] * * Subsection (2) provides that the first installment of compensation becomes due on the “ * * * fourteenth day after the employer has knowledge of the injury or death * *
We think that the plain wording of these two subsections as well as their practical application requires that § 440.20(5) be construed to apply only to delinquent payments of compensation for temporary disability and death benefits.
The obvious object of the penalty provided for in § 440.20(5) is to encourage an employer either to make prompt payment of compensation or death benefits, or to dispute immediately the compensability of the accident so as to hasten a ruling thereon.
Certainly the legislature did not intend to penalize an employer unless he failed to do what he could reasonably and fairly be expected to do in compliance with the Workmen’s Compensation Act. This means that the employer should be penalized only for failure to pay promptly those installments which he could reasonably determine to be due within fourteen days after receiving knowledge of the injury or death.
In order to determine for himself that an installment of compensation or death benefits is due the employer must decide: (1) that a compensable accident occurred; (2) that death or a disabling injury resulted; (3) if a disabling injury, the extent or percentage of the employee’s disability; and (4) the amount of the compensation or death benefits he must pay in compliance with the statute.
Within fourteen days after knowledge of death of an employee, the employer can easily determine the occurrence of death, the compensability of the accident causing it, and the amount of death benefits. Similarly, the employer can determine the com-pensability of an accident which results in disability of an employee, the initial extent of the disability and the amount of compensation payable for the temporary disability. Therefore, it seems clear that § 440.20(5) can and should be applied to payments of compensation due for temporary disability or death.
However, there are several reasons why § 440.20(5) cannot and should not be construed to be applicable to payments of compensation for permanent disability. First, the provision of § 440.20(2) making the first installment of compensation become due within fourteen days after knowledge of the injury indicates that the legislature did not intend it to apply to payments for permanent disability. Only in the rarest case would disability reach the stage of permanency within fourteen days of the injury.
Second, the initial disability is almost always temporary. Temporary disability is the healing period during which there is reasonable expectation of improvement of the disabling condition. Temporary disability ends when maximum medical improvement is reached. This point marks the commencement of permanent disability. Technically, payments for permanent dis *331 'ability become due immediately after the date -of maximum medical improvement. But in practice and in most cases, as in this one, it is possible to fix this date only by retrospection and well after the date it actually is found to have occurred. Therefore, if the statute were to be applied to payments of permanent disability and the employer be held to commence such payments within fourteen days after the date of maximum medical improvement he would be subject to the penalty provided in § 440.20(5) in almost every case.
Third, the amount of compensation due for temporary disability or for death can be determined by an employer with relative ease. But the amount of compensation due for permanent disability is not so easily computed. This is particularly true in cases, such as this one, involving non-scheduled injuries in which the extent of disability and the amount of compensation is dependent upon an assessment of loss of wage earning capacity. This factor is not easily determined by either deputies or courts. Therefore, we do not believe that this is the type payment which the legislature intended to encourage the employer to make without an award, or suffer a penalty for failure to do so.
Here we note that § 440.20(5), and what we say in this opinion, applies only to penalties for an employer’s failure to make prompt payments of compensation without an award having first been made by a deputy. Penalty for failure to make prompt payment after an award is prescribed in § 44020(6).
£3] We have not ignored the oft repeated command that the Workman’s Compensation Law should be liberally construed in favor of the employee. However, the particular provision with which we deal here is penal in nature and therefore must be construed in favor of him against whom the penalty applies. Lollie v. General American Tank Storage Terminal, 1948, 160 Fla. 208, 34 So.2d 306.
Because of the foregoing we are led to the conclusion that § 440.20(5) F.S.A. must be construed to be applicable only to delinquent payments of. compensation for temporary disability and for death benefits.
The order of the Full Commission is quashed and the cause remanded with directions to reinstate the order of the Deputy.
It is so ordered.
DREW, C. J., and ROBERTS, THOR-NAL and O’CONNELL, JJ., concur.
CALDWELL, J., dissents in part with Opinion.