THOMAS, Justice.
This controversy evidently revolves around Sec. 440.20(4 and 5) of Workmen’s Compensation Law, F.S.A. which provides that in the event an employer.,,controverts the right of an injured employee to compensation, the employer shall file with the Commission on or before the 21st day after he knows of the injury notice that the claim is disputed. The notice is required to contain certain information pertinent to the injury together with reasons for declining payment of compensation.
Since the first installment of compensation becomes due the 14th day after the employer is apprised of the injury, it is provided in paragraph (S) of the section that upon failure to pay an installment “without an award” within 14 days after it is due there shall be added to such unpaid installment a penalty of ten per cent, unless notice to controvert is filed or failure to comply is excused by the Commission.
In the instant case there is no controversy concerning the injury or compensa-bility, or the amount of it, but, to repeat, only about the penalty which was fixed by the deputy, in his supplemental order, in this language: I further find that the employer and carrier have not offered a satisfactory excuse for their failure to pay the claimant permanent partial disability compensation prior to the hearing in this cause, and they therefore are hereby assessed a 10% penalty on all outstanding payments of compensation that should have been made up to the present time [the day of the hearing].”
Substance of the order of the Full Commission, on this score, was that penalty having been claimed in employee’s original letter and again at the start of the hearing and the employer and carrier having presented no excuse for failure to pay compensation and, further having filed no notice to controvert until after conclusion of the hearing and lodgement of an appeal, the award of additional compensation in the nature of a penalty should be sustained.
The petitioner insists here that no penalty is assessable unless the carrier, or employer, has neither filed notice of controversy nor paid compensation benefits within the limited time. To state it in another *333 way, he argues, a carrier which has paid any compensation benefits would, presumably, escape the imposition of any penalties afterward.
It is contended by petitioners, too, that despite the liberal construction in favor of the workman which must be accorded Workmen’s Compensation Law the penalty provisions should be strictly construed in favor of those against whom the penalties would be imposed. Thus, following this reasoning we would lift from Chapter 440 the provisions dealing with penalties against procrastinating employers and carriers and give them a strict construction while liberalizing the parts surrounding them dealing with other phases of the employer-employee relationship covered by the Act.
Cited for the position is our opinion in Hotel and Restaurant Commission v. Sunny Seas No. One, Inc., 104 So.2d 570 (Fla. 1958), in which that principle was stated. True, in that case we were not dealing with Workmen’s Compensation but, equally true, we treated of a law which the legislature required to be liberally construed and we said that the requirement of liberality of construction could not prevail over the firmly established principle that penal provisions must be strictly construed in favor of the one penalized.
While this presents a neat point for decision, we will not pursue it because as we shall demonstrate it is not apposite to the immediate problem.
Claimant was injured 14 January 1963. At first the employer and carrier accepted the claim and paid benefits. Later payments were suspended evidently because the claimant advised the employer and carrier he was resuming his work. Then, on 4 June 1963, the workman filed a claim for additional benefits for permanent partial disability. It was because of tardiness in accepting and paying the later claim that the claimant insisted on the assessment of a penalty.
The deputy agreed and, reciting that the employer and carrier had not offered a satisfactory excuse for failure to pay the added compensation, assessed the penalty of 10% as we have already observed. Doubtless this penalty was prompted by the provision of Sec. 440.20(5) that upon failure to meet within 14 days any installment payable “without an award” the penalty shall attach.
When the controversy reached the Full Commission that body unequivocally approved the penalty.
The difficulty of the respondents in defending the positions of the deputy and the Full Commission is that this court has ruled upon the matter and expressed a contrary view — in Kuhle v. Kirk, Fla., 177 So.2d 329. In that opinion the court gave several reasons why the penalties prescribed in the section were not applicable to payments of compensation for permanent as distinguished from temporary disability for which payments become due beginning 14 days from knowledge of the employer that there has been an injury. Principal among these was the comparative ease with which compensation for temporary disability can be determined while computability of compensation for permanent benefits is difficult, if not impossible, immediately after an accident.
Having no inclination to recede from what was announced in Kuhle, or of disturbing it, we are constrained to quash that part of the order of the Full Commission sanctioning the imposition of a penalty for delay in paying the added compensation for “permanent partial disability.”
This conclusion disposes of the complaint to the Full Commission, presented by cross-petition, about the absence from the compensation order of provision for attorney’s fees to claimant’s attorney for “additional benefits obtained because of the assessment of a 10% penalty and 6% per annum interest”
*334 In fairness to the Full Commission the deputy and counsel for all parties it should be noted that the opinion in Kuhle was not filed until 23 June 1965 while the orders were entered, and the briefs filed here, before that date.
The order of the Full Commission so far as it approves the imposition of penalties is quashed with directions to eliminate such provisions from the order and to require the deputy to do likewise.
The petition for attorney’s fees is denied.
THORNAL, C. J., and O’CONNELL, CALDWELL and ERVIN, JJ., concur.