394 So.2d 211 (1981)
JUDICIAL ADMINISTRATIVE COMMISSION, State of Florida, and South Carolina Insurance Company, Appellants/Cross-Appellees,
v.
Marlene MARKS, Appellee, and
Civil Division of County Courts, State of Florida, Division of Risk Management, and Crawford & Company, Appellees/Cross-Appellants.
No. VV-124.
District Court of Appeal of Florida, First District.
February 23, 1981.
John F. McMath, Miami, for appellants/cross-appellees.
Michael A. Miller and Donna L. Bergh, Orlando, for appellee.
Jerry V. Wilkey, Coral Gables, for appellees/cross-appellants.
PER CURIAM.
The claimant is a 28-year-old woman who suffered two industrial accidents while employed as a legal secretary to a county court judge. At the time of the first accident, South Carolina Insurance Company (South Carolina) was the carrier. At the time of the second accident, the State of Florida Division of Risk Management (Division) was the carrier. South Carolina appeals the *212 deputy commissioner's award of 25% permanent partial disability benefits to the claimant, his apportioning a higher percentage of the permanent partial disability against South Carolina, and his assessment of penalties. We find no merit in the Division's cross-appeal nor in South Carolina's second point on appeal; however, we reverse on the first and third issues presented on appeal.
Section 440.25(3)(b), Florida Statutes (1978), reads in pertinent part:
No judge of industrial claims [now deputy commissioner] shall either make a finding of, or award compensation for, a disability for physical impairment that is greater than the greatest disability given the claimant by any examining or treating physician, except upon stipulation of the parties.
We note that the physician who gave the claimant the highest rating, Dr. Kallen, initially testified as to a 25% permanent partial disability. However, upon a review of the evidence he changed his testimony and gave her a 20% rating. Therefore, the deputy commissioner erred, understandably, in finding a 25% permanent partial disability.
The deputy commissioner also erred in ordering both carriers to pay penalties. Section 440.20(5), Florida Statutes (1978), provides for a 20% penalty on compensation which is not timely paid unless a notice to controvert is filed. However, this statute providing for the assessment of a penalty for delay in payment relates only to temporary disability payments and has no application for permanent disability benefits. See Kuhle v. Kirk, 177 So.2d 329 (Fla. 1965); Massey v. Haynie, 180 So.2d 331 (Fla. 1965).
For the foregoing reasons, the order is reversed and remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
LARRY G. SMITH and McCORD, JJ., and LILES, WOODIE A. (Retired), Associate Judge, concur.