PEARSON, TILLMAN (Retired), Associate Judge.
In this workers’ compensation appeal, the employer/carrier seeks reversal of an order awarding the claimant 25% permanent partial disability of the body as a whole as well as 10% permanent partial disability of the left arm. The employer/carrier also contests the deputy commissioner’s sanction of penalties for all but 5% of the permanent partial disability ultimately awarded. According to the deputy, penalties were applicable in this case because the employer/carrier did not timely accept the full permanent disability rating given by claimant’s treating physician. We find that both of the employer/carrier’s arguments have merit; the deputy did not sufficiently set forth the basis of his award of permanent partial disability and the penalty sanction was improper.
When claimant fell at work injuring his back and wrist, the employer/carrier paid the necessary temporary total disability. After claimant returned to work under restrictions against heavy lifting, claimant’s treating physician sent the carrier a report stating that claimant’s back injury had resulted in 5% permanent partial disability, which the carrier began paying. Several weeks later, the physician sent a note to the carrier saying that he meant to give a 15%, not a 5%, rating of claimant’s back and that claimant’s wrist injury (not discussed in the first report) had resulted in a 10% permanent disability of the left arm. Instead of accepting either the 15% rating of the back or the 10% rating of the arm, the employer/carrier ordered an independent examination by another physician. That doctor concurred in the 15% back rating but disagreed that any permanent impairment of the wrist existed. The employer/carrier then agreed to pay an additional 10% permanent partial disability benefit for the back injury. In response to the claimant’s request for disability benefits in excess of 15%, a hearing was held in which the depositions of both physicians (claimant’s and the employer/carrier’s) were admitted into evidence. The deposition testimony reflected the same opinions as to disability rating given in their reports.
Despite the fact that the highest impairment rating given by any physician for the back injury was 15%, the deputy found that the claimant “sustained an additional 10% permanent partial disability based on the claimant’s complaints, restrictions and continued disability, even though he has returned to his old job, giving him a total of 25% permanent partial disability of the body as a whole.” The deputy does not explain in his order whether the additional 10% disability resulted from wage-earning capacity loss or anatomical impairment. Since the order fails to sufficiently identify the ultimate facts on which the award is based, we must reverse that portion of the award and remand for a more adequate explanation. See Commercial Union Assurance Co. v. Hyman, 379 So.2d 456 (Fla. 1st DCA 1980).
The employer/carrier also contends that the deputy’s assessment of penalties for its failure to “timely” accept permanent disability was in error. We agree. Section 440.20(5), Florida Statutes (1979), provides for an award of penalties for late payment of compensation absent an award. That section, which is the only arguable authority for a penalty award in this case, has been held not to apply to payments of permanent disability. Kuhl v. Kirk, 177 So.2d 399 (Fla.1965); Massey v. Haynie, 180 So.2d 331 (Fla.1965); Judicial Administrative Commission v. Marks, 394 So.2d 211 (Fla. 1st DCA 1981).
REVERSED AND REMANDED for further consideration consistent with this opinion.
MILLS and SHAW, JJ., concur.