PER CURIAM.
The employer/carrier appeal the Deputy Commissioner’s award of permanent partial disability based on 15% disability when the highest rating given by a physician was 5%. We agree that the disability rating was erroneous and reverse. Compensability is not an issue on appeal.
The claimant was involved in an accident on December 16, 1978, while driving his employer’s truck, but he did not remember hitting anything inside the cab and received no emergency medical treatment. The next day he saw a doctor for complaints of pain, but there was no objective evidence of physical injury. The claimant went to a chiropractor who treated him every other day until early 1980.
A psychiatrist evaluated the claimant, and said that the claimant believes that the accident left him incapacitated and suffers from hysterical symptoms. The psychiatrist estimated that the claimant’s psychiatric disability due to the accident is 5% of the body. He was the only doctor to give a rating, and the Deputy accepted his opinion over that of other doctors who recommended further testing to eliminate possible physical causes of pain.
The Deputy assigned a 15% disability rating based on his observation of the claimant. He also found that the claimant did not test his ability to return to work, so the 15% rating was not based on loss of wage earning capacity. The Deputy must base his disability rating on either the physical impairment or loss of wage earning capacity, whichever is greater. Section 440.-15(3)(u), Florida Statutes (1978 Supp.). The Deputy’s finding that the claimant had not tested his ability to work in the open market precludes any reliance on loss of wage earning capacity to raise the rating, Exxon *1148 Company, U.S.A. v. Alexis, 370 So.2d 1128 (Fla.1978).
Section 440.25(3)(b), Florida Statutes (1978 Supp.), effective July preceding claimant’s December accident, precludes the Deputy from finding a disability rating in excess of that given by a physician unless it was stipulated to by the parties. Here, there was no stipulation, so the Deputy was limited to the disability rating given by the psychiatrist. We reverse the 15% rating and remand to the Deputy to assign the 5% rating given by the psychiatrist. See Judicial Administration Comm’n v. Marks, 394 So.2d 211 (Fla. 1st DCA 1981).
Reversed and remanded.
BOOTH, SHAW and WENTWORTH, JJ., concur.