WENTWORTH, Judge,
dissenting.
I agree with the unarticulated but apparent conclusion of the majority that § 440.-25(3)(b), Florida Statutes, is a procedural statute applicable to the order in this case, based on an accident antedating the statutory restraint on impairment awards in excess of physicians’ ratings. Jones v. Plantation Foods, 388 So.2d 590. (Fla. 1st DCA 1980), concurring opinion, cf. National Linen Service v. Stubblefield, 403 So.2d 1147 (Fla. 1st DCA 1981); Colonial and Semoran Shell Service v. Grissom, 389 So.2d 1219 (Fla. 1st DCA 1980); Bell Rentals & Sales v. Harvey, 387 So.2d 507 (Fla. 1st DCA 1980). I respectfully dissent, however, to the amendment of the order and would, in spite of the statute, affirm the 10% impairment award.
The two specialists’ ratings in this case were rendered in isolation so as to leave to the deputy the determination of whether the 5% psychiatric and 5% orthopedic disabilities, though not necessarily to be aggregated arithmetically, must still be regarded as supporting a cumulative body-as-a-whole rating higher than either rating alone. The 10% award, based on the cumulation of the separate impairment ratings, should therefore be affirmed.