SMITH, Judge.
On appeal, the employer and carrier (E/C) contend that the judge of compensation claims (JCC) erred in awarding permanent total disability (PTD) effective as of August 17, 1989, the date on which claimant reached maximum medical improvement from back surgery necessitated by injuries received in a compensable accident on May 14, 1984. Following a final hearing held on April 16, 1992, the E/C administratively accepted the claimant as PTD retroactive to the date of the hearing. The E/C urge that the JCC erred in refusing to accept the date of the hearing as the date for commencement of PTD benefits. We disagree and affirm on this issue.
Upon review of the briefs and the record and after consideration of the arguments of counsel, we are of the view that reversible error has not been demonstrated with respect to the effective date of the PTD award. The claimant had several surgeries for a hernia attributed to his 1984 compensable injury, prior to his back surgery. During the entire period following the injury, the E/C paid the claimant temporary disability or *308 wage loss benefits and furnished all necessary medical services.
The claimant’s extensive job search efforts were totally unsuccessful, and no efforts at rehabilitation or retraining were at any time offered or requested by the E/C. In sum, the record supports the conclusion that the same combination of factors which rendered the claimant unemployable as of the date of final hearing — his limited intellectual capacity, lack of vocational skills, and his physical restrictions and limitations — existed at least as early as the date of PTD found by the JCC. See, Kaiser Aluminum Chemical v. Taylor, 578 So.2d 432 (Fla. 1st DCA 1991).
The facts of this case are materially distinguishable from those found in our decision in Townsend & Bottom v. Bonds, 610 So.2d 619 (Fla. 1st DCA 1992). There, significantly, the E/C provided rehabilitation services and assistance to a claimant who appeared to be strongly motivated and capable of returning to work. However, when these efforts finally proved unavailing, the E/C accepted the claimant as PTD as of the date the claimant filed his claim for PTD. Based on the facts presented, this court found no evidence to support the conclusion that the E/C should have accepted claimant as PTD on a date earlier than they did. We find little, if any, similarity between Bonds and the case before us.
We do note, however, one aspect of the order appealed which requires reversal and correction. Owing to an error in calculation, benefits were paid to the claimant based upon an AWW of $217.82, whereas, as stipulated by the parties, the amount should have been $266.86. In his final order, the JCC ordered payment by the E/C of statutory penalties and interest on the PTD compensation benefits payable from August 17, 1989, with credit for all indemnity benefits paid since that date. Appellee concedes that the award of penalties was in error, and we therefore direct that on remand the penalty award shall be stricken from the order. Further, in view of the past benefits paid to claimant as temporary disability or wage loss, the award of interest on the PTD award is of no consequence, and should be treated as surplusage, except as to the additional amounts payable as a result of correction of claimant’s AWW. With respect to these additional amounts, we affirm the award of interest.
AFFIRMED in part and REVERSED in part, and REMANDED with directions.
BOOTH and WEBSTER, JJ., concur.