ZEHMER, Chief Judge.
The Employer/Servicing Agent (E/SA) appeal the Judge of Compensation Claims’s order finding Claimant to be permanently and totally disabled and awarding permanent total disability benefits retroactive to the date of maximum medical improvement. On appeal, E/SA challenge the Judge’s finding that Claimant was permanently and totally disabled as of the date of maximum medical improvement, and his award of penalties pursuant to subsection 440.20(7), Florida Statutes (1989). Because we conclude that competent and substantial evidence supports the Judge’s finding that Claimant was permanently and totally disabled as of the date of maximum medical improvement, we affirm that award. We also affirm the Judge’s imposition of penalties for the delinquent payment of the permanent total disability benefits.
Relying upon Kuhle v. Kirk, 177 So.2d 329 (Fla.1965), the E/SA argue that subsection 440.20(7) should not be construed to apply to late payments of compensation for permanent disability. In Kuhle, the Florida Supreme Court held that subsection 440.20(5), Florida Statutes (1965), the predecessor to subsection 440.20(7), is applicable only to delinquent payments of compensation for temporary disability and for death benefits. The E/SA argue that, based on Kuhle, we should give a similar construction to subsection 440.20(7).
Claimant responds that in 1979, the Legislature amended section 440.20, substantially rewording it and adding additional circumstances where imposition of penalties would be appropriate. Claimant argues that the 1979 changes indicate a legislative intent that penalties are to be payable for delinquent payment of not only temporary disability benefits and death but also permanent disability benefits. We agree.
Subsection 440.20(5), construed in Kuhle, provided:
If any installment of compensation payable without an award is not paid within 14 *824 days after it becomes due, as provided in subsection (2), there shall be added to such unpaid installment an amount equal to 10 percent thereof, which shall be paid at the same time as, but in addition to, such installment of compensation, unless notice [to controvert] is filed under subsection (4), or unless such nonpayment results from conditions over which the employer or carrier had no control.
Subsection (2) stated that the first installment of compensation would become due “on the 14th day after the employer has knowledge of the injury or death, on which date all compensation then due shall be paid.” In ruling that the “plain wording” of this provision, as well as its “practical application,” required that subsection 440.20(5) be construed to apply only to delinquent payments of compensation for temporary disability and death benefits, the supreme court reasoned that the Legislature could not have intended “to penalize an employer unless he failed to do what he could reasonably and fairly be expected to do in compliance with the Workmen’s Compensation Act.” Kuhle, 177 So.2d at 330. The court explained that “the employer should be penalized only for failure to pay promptly those installments which he could reasonably determine to be due within fourteen days after receiving knowledge of the injury or death.” Id. The court observed that within those 14 days, an employer can easily determine the occurrence of death, the compensability of the accident, and the amount of death benefits, and can just as easily determine the compensability of an accident resulting in disability of the employee, the initial extent of the disability, and the amount of compensation payable for temporary disability. The court concluded, therefore, that subsection 440.20(5) could and should be applied to payments of compensation due for temporary disability ór death.
The supreme court then explained why subsection 440.20(5) could not and should not be construed to apply to payments of compensation for permanent disability. First, it noted the provision in subsection (2) making the first installment of compensation due within 14 days after knowledge of the injury, which indicated to the court that the Legislature had not intended the provision to apply to payments for permanent disability that only in the rarest of cases would reach the stages of permanency within 14 days of the injury.
The supreme court next observed that tlm initial disability is almost always temporary, while payments for permanent disability become due immediately after the date of maximum medical improvement. Recognizing that in practice it is possible to fix the date of maximum medical improvement only by retrospection, the court felt that if the statute were to be applied to payments of permanent disability and the employer held to commence such payments within 14 days after the date of maximum medical improvement, the employer would be subject in almost every case to the penalty provision.
Finally, the supreme court recognized that the amount of compensation due for temporary disability or death can be determined with relative ease, while the amount of compensation due for permanent disability is not so easily computed. Consequently, the court did not believe “that this is the type [of] payment which the legislature intended to encourage the employer to make without an award, or suffer a penalty for failure to do so.” Id. at 331. In so holding, the court was careful not to ignore the command that the Worker’s Compensation Act be liberally construed in favor of the employee; however, it reasoned that the particular provision with which it was dealing was penal in nature and therefore must be construed in favor of the employer against whom the penalty would apply. Id.
In the present case, the E/SA seize upon this latter language and urge that the application of subsection 440.20(7) to the instant circumstances (the period from the date of maximum medical improvement through the date of the administrative acceptance of permanent total disability) would be penal in nature. The E/SA, however, overlook the importance of the substantial changes to subsection 440.20(5) made by the Legislature in 1979.
During the 1979 legislative session, the Legislature amended subsection 440.20(2) to *825 read as follows (the underscoring indicates the additional language):
The first installment of compensation for temporary disability or death shall become due on the 14th day after the employer has knowledge of the injury or death....
See Ch. 79-40, § 16, at 239, Laws of Fla., as codified in § 440.20(2), Fla.Stat. (1979). In addition, the Legislature added subsections (3) and (4), in which it addressed the timely payment of impairment benefits and wage-loss benefits, respectively. Then, in subsection (7), the Legislature provided the following in relevant part:
If any installment of compensation for death or dependency benefits, disability, permanent impairment, or wage loss payable without an award is not paid within 14 days after it becomes due, as provided in subsection (2), subsection (3), or subsection (4), there shall be added to such unpaid installment a punitive penalty of an amount equal to 10 percent thereof, which shall be paid at the same time as, but in addition to, such installment of compensation, unless notice [to controvert] is filed under subsection (6) or unless such nonpayment results from conditions over which the employer or carrier had no control. ...
See § 440.20(7), Fla.Stat. (1979).
During that same session, the Legislature again amended subsection (2) to replace “temporary” with “total” so that subsection 440.20(2) now provides that “[t]he first installment of compensation for total disability or death shall become due on the 14th day after the employer has knowledge of the injury or death_” See Ch. 79-312, § 12, at 1654, Laws of Fla. The Legislature also amended subsection (4) to contemplate not only wage loss benefits but also temporary partial disability benefits. Id.
In making substantial material changes in the language of the present statute, the Legislature is presumed to have intended some objective or alteration of the law unless the contrary is clear. 49 Fla.Jur.2d, Statutes § 134 (1984). Furthermore, we cannot read subsection 440.20(7) in isolation but must give effect to the statute as a whole. Id. § 115. In doing so, we are guided by the maxim that when the language of a statute is clear, it must be given its plain and ordinary meaning. Kg., Streeter v. Sullivan, 509 So.2d 268 (Fla.1987); A.R. Douglass, Inc. v. McRainey, 102 Fla. 1141, 137 So. 157 (1931).
The language of section 440.20 as amended in 1979 is not ambiguous. Reading the relevant subsections together, it is clear that, notwithstanding what the Legislature may or may not have intended by the 1965 version as interpreted in Kuhle, it certainly intended by the language of the 1979 amendments to include permanent total disability benefits within the penalty provisions of subsection 440.20(7). We are impelled to this conclusion by the plain language of subsection (2) addressing total disability, and subsection (7) addressing “any installment of compensation for ... disability ... payable without an award ... as provided in subsection! ] (2),” as well as by the express inclusion within section 440.20 of permanent benefits. While it may have been advisable for the Legislature to have chosen more precise terminology in drafting the 1979 amendments, by its substantial rewording and reordering of section 440.20 from the 1965 version, the Legislature clearly intended to cover all disability benefits, both temporary and total, as well as death, dependency, and impairment benefits.
We have not overlooked our decision in Orange County Board of County Commissioners v. Hanson, 400 So.2d 1045 (Fla. 1st DCA 1981), in which it would appear that we arrived at a contrary result. However, that opinion, for reasons not apparent on the face of the decision, improperly refers to a “1979” version of subsection 440.20(5). Obviously, the decision overlooks the fact that that subsection was substantially amended in 1979 and renumbered. Consequently, Hanson is of no precedential value.
Equally unavailing to the E/SA’s position is our more recent decision in DeSoto County School Board v. Blondell, 626 So.2d 307 (Fla. 1st DCA 1993). Again, that opinion appears to reflect our disapproval of an award of penalties against late payments of permanent total disability compensation benefits. However, it, too, is of no precedential value since *826 the claimant therein conceded that the award of penalties was in error on the basis of Kuhle and Hanson, without discussing the 1979 amendments, which would have been applicable in that case.
Accordingly, we hold that subsection 440.-20(7) applies to permanent total disability benefits and approve the Judge of Compensation Claims’s award of penalties under the particular circumstances of the present case.
AFFIRMED.
JOANOS and WEBSTER, JJ., concur.