675 So.2d 639 (1996)
Carol MANGOLD, as Personal Representative of the Estate of William Mangold and Individually as Claimant, Appellant,
v.
RAINFOREST GOLF SPORTS CENTER and Executive Risk Consultants, Inc., Appellees.
No. 95-666.
District Court of Appeal of Florida, First District.
June 11, 1996.
*640 Keith R. Pallo of Adams, Coogler, Watson & Merkel, P.A., West Palm Beach, and Marjorie Gadarian Graham, Palm Beach Gardens, for Appellant.
Randall T. Porcher of Rigell & Leal, P.A., West Palm Beach, for Appellees.
SHIVERS, Senior Judge.
Appellant has filed a motion for rehearing and certification of question of great public importance. Appellee has filed a motion for clarification. We deny Appellant's motions for rehearing and certification. We grant Appellee's motion for clarification and substitute this revised opinion for the opinion filed February 13, 1996.
Carol Mangold, the Appellant, seeks review of a workers' compensation order finding that her husband's heart attack following his work-related injury was not compensable under section 440.09(1), Florida Statutes (Supp.1994). We affirm.
William Mangold (Mangold) was injured in the course and scope of his employment on January 3, 1994 when a go-cart struck and pinned his right leg. Mangold, however, did not receive medical treatment for two weeks following the accident as he was unable to obtain authorization from Rainforest Golf Sports Center, the employer, and Executive Risk Consultants, Inc., the carrier (together, the E/C). The employer continued to refuse authorization of any treatment, to file a notice of injury, or to report the claim to the carrier. As a result of his difficulties in seeking authorized treatment, Mangold suffered emotional stress and financial hardship.
On February 16, 1994, suffering from chest pain, Mangold sought treatment from Dr. Patel, a cardiologist. Fifty-two years of age at the time, Mangold had a history of hypertension, arteriosclerotic heart disease, congestive heart failure, hypercholesterolemia *641 and a family history of myocardial infarction. Dr. Patel admitted Mangold into the hospital, but on February 17, 1994, Mangold suffered a massive, fatal heart attack.
The Appellant, Mangold's spouse, as personal representative, sought workers' compensation benefits for the work-related injury and the subsequent heart attack and death. The E/C controverted both claims on the basis that the injury and the heart attack did not arise out of and in the course of employment. The parties stipulated as to the compensability of the work-related injury to Mangold's leg. The only matter before the JCC, at the final hearing, was the compensability of Mangold's heart attack and resulting death. At the final hearing, the Judge of Compensation Claims (JCC) denied compensation for the heart attack and resulting death. The JCC determined that the amendments to chapter 440 that went into effect on January 1, 1994 pursuant to chapter 93-415, Laws of Florida, established a new evidentiary standard for subsequent injuries and aggravation of pre-existing conditions. On that basis, the JCC concluded that the claimant failed to prove that the work-related injury was the major contributing cause of the heart attack. Rather, the JCC concluded that the stress resulting from the workplace injury was but one of many factors contributing to the heart attack.
The Appellant argues that the JCC, in analyzing this claim, applied the wrong legal standard. The Appellant maintains that the appropriate standard is whether the work-related injury was a contributing cause, rather than the major contributing cause because the 1993 amendments merely codified the case law interpreting the statute in effect prior to January 1, 1994, the effective date of those amendments. The plain language of the amended act and case law interpreting chapter 440 prior to the 1993 amendments belie the Appellant's contention.
Section 440.09(1), Florida Statutes (Supp. 1994) provides in part:
The employer shall pay compensation or furnish benefits required by this chapter if the employee suffers an accidental injury or death arising out of work performed in the course and the scope of employment. The injury, its occupational cause, and any resulting manifestations or disability shall be established to a reasonable degree of medical certainty and by objective medical findings. Mental or nervous injuries occurring as a manifestation of an injury compensable under this section shall be demonstrated by clear and convincing evidence.
(a) This chapter does not require any compensation or benefits for any subsequent injury the employee suffers as a result of an original injury arising out of and in the course of employment unless the original injury is the major contributing cause of the subsequent injury.

(b) If an injury arising out of and in the course of employment combines with a preexisting disease or condition to cause or prolong disability or need for treatment, the employer must pay compensation or benefits required by this chapter only to the extent that the injury arising out of and in the course of employment is and remains the major contributing cause of the disability or need for treatment.

(Emphasis added.)
Under the statute in effect prior to the 1993 amendments, a claimant who suffered a heart attack subsequent to a compensable injury was required to prove a causal connection between the workplace injury and the subsequent heart attack. See Reynolds v. Whitney Tank Lines, 279 So.2d 293 (Fla. 1973). Case law applicable to the statute in effect before the effective date of the 1993 amendments required a mere "causal connection" between the workplace injury and the subsequent injury. Prior to the effective date of the 1993 amendments, in applying chapter 440 to claims for a heart attack subsequent to a work-related injury, this court has never demanded that a claimant prove the "major contributing cause" of the heart attack. For example, relying on Reynolds, 279 So.2d 293, this court has previously held that a standard requiring a showing that the work-related injury was the actual, as opposed to a possible, cause of a subsequent heart attack was too burdensome, and that compensability depends merely upon a showing of a causal connection. Wallen v. Salon *642 of Music, Inc., 418 So.2d 421 (Fla. 1st DCA 1982). Thus, the "major contributing cause" standard of section 440.09(1), Florida Statutes (Supp.1994) is entirely new. Therefore, the new evidentiary standard under the statute that went into effect on January 1, 1994 is not, as the claimant suggests, a codification of prior case law.
When the Legislature makes a substantial and material change in the language of a statute, it is presumed to have intended some specific objective or alteration of law, unless a contrary indication is clear. See Town of Lake Park v. Karl, 642 So.2d 823 (Fla. 1st DCA 1994). In revising the Workers' Compensation Statute as it relates to injuries subsequent to or preexisting conditions aggravated by the industrial accident, it is apparent that the Legislature intended to create a more stringent evidentiary standard than that which was required for such injuries and conditions occurring prior to January 1, 1994. Under the 1993 amendments, a claimant has the burden of proving that his initial work-related accident and resulting injury is compensable and, in cases of subsequent injuries and aggravations of preexisting conditions, that the work-related injury is the major contributing cause of his subsequent injury or aggravation. Section 440.09(1)(a) & (b), Florida Statute (Supp. 1994).
In the instant case, four cardiologists testified that there were several factors contributing to Mangold's heart attack including morbid obesity, ischemic heart disease with a history of a prior heart attack, tobacco and alcohol use, accelerated hypertension, hypercholesterolemia and family history of myocardial infarction. The doctors further testified that these pre-existing risk factors could easily have accounted for the fatal heart attack. No medical expert was able to testify within a reasonable degree of medical certainty that Mangold's workplace injury was the major contributing cause of his heart attack and resulting death.
Based upon the medical testimony presented, the JCC determined that the Appellant failed to satisfy the burden of proving that the work-related injury was the major contributing cause of Mangold's heart attack as required under section 440.09(1), Florida Statutes (Supp.1994). Finding competent and substantial evidence in the record to support the JCC's determination, we AFFIRM the order under review.
BARFIELD, C.J., and KAHN, J., concur.