697 So.2d 203 (1997)
RING POWER CORPORATION and United Self Insured Services, Appellants,
v.
Frederick CAMPBELL, Appellee, and
Department of Labor and Employment Security, Division of Workers' Compensation, Intervenor.
No. 96-1666.
District Court of Appeal of Florida, First District.
July 21, 1997.
Christopher Shakib of Michael R. McCullough and Associates, Jacksonville, for Appellee.
*204 Michael G. Moore, Office of General Counsel, Florida Department of Labor and Employment Security, Tallahassee, for Intervenor.
BENTON, Judge.
Ring Power Corporation and its workers' compensation servicing agent, United Self Insured Services, ask us to reverse an order requiring them to pay temporary total disability benefits to Frederick Campbell, a former Ring Power employee, as a concomitant to his first twenty-six weeks in a rehabilitative training program. Citing section 440.491(6)(a), Florida Statutes (Supp.1994), the judge of compensation claims ordered the benefits, even though Mr. Campbell had attained maximum medical improvement from the injury he sustained working at Ring Power, because the Division of Workers' Compensation had approved a program of training and education which did not pay him wages. We affirm.
In not revisiting a question the Legislature has now assigned to the Division of Workers' Compensation"approv[ing] training and education or other vocational services for [an injured] employee," § 440.491(6)(a), Fla. Stat. (Supp.1994)the judge of compensation claims recognized a jurisdictional change effected by section 440.491(6)(b), Florida Statutes (Supp.1994). Under prior law, the Division merely proposed training and education which the judge of compensation claims could approve (or not). § 440.49(1)(a), Fla. Stat. (1993). Since January 1, 1994, however, the Division itself is authorized to "approve training and education or other vocational services for the employee." § 440.491(6)(a), Fla. Stat. (Supp. 1994).
A comparison of the present statute with its predecessor dispels any illusion that the judge of compensation claims retains jurisdiction over the determination of an injured worker's eligibility for training and education or other vocational services. Until section 440.491 was enacted, § 44, ch. 93-415, at 178, Laws of Fla., the judge of compensation claims did have jurisdiction to decide whether an injured worker was entitled to training and education and for how long. § 440.49(1)(d), Fla. Stat. (1993). Prior law provided:

All hearings arising under this subsection shall be conducted by a judge of compensation claims pursuant to s. 440.25. However, no judge of compensation claims shall assume jurisdiction to approve or disapprove training and education under this provision unless the division has advised all parties as to the training and education program it may propose if such program is to be funded out of the fund established by s. 440.50.
§ 440.49(1)(a), Fla. Stat. (1993)(emphasis supplied). When the current statute was enacted on the same subject, this language was omitted. Omission particularly of the emphasized language ended the role the judge of compensation claims had played in determining entitlement to training and education. See Carlile v. Game and Fresh Water Fish Comm'n, 354 So.2d 362, 364 (Fla. 1977); Town of Lake Park v. Karl, 642 So.2d 823, 825 (Fla. 1st DCA 1994); Bacon v. Marden, 518 So.2d 925, 926 (Fla. 3d DCA 1987)("Where the legislature amends a statute and in so doing omits a portion of it, common sense dictates that the legislature intended to remove that portion of the statute from the law.").
Statutory language governing the penalty a worker's compensation claimant suffers for refusing rehabilitative training and education also reflects the change. Section 440.49(1)(d), Florida Statutes (1993), provided:
Refusal to accept training and education as deemed necessary by the judge of compensation claims shall result in a 50-percent reduction in weekly compensation, including wage-loss benefits ... for ... the period of refusal.
(Emphasis supplied.) Under section 440.491(6)(b), Florida Statutes (Supp.1994), however, this reduction in benefits is mandated for claimants who refuse training and education "that is recommended by the vocational evaluator and considered necessary by the division."
Despite the Division's approval of a program of training and education for Mr. *205 Campbell, appellants argue that the statute does not require them to pay temporary total disability benefits during "the initial 26 week period ... for training and education." But section 440.491(6)(b), Florida Statutes (Supp. 1994), plainly does require such payments. Compensation payments designed to facilitate rehabilitative training and education during an initial period of as long as twentysix weeks have been required by predecessor provisions at least since 1979. The pertinent subsection provides:
When it appears that an employee who has attained maximum medical improvement requires training and education to obtain suitable gainful employment, the employer shall pay the employee additional temporary total compensation while the employee receives such training and education for a period not to exceed 26 weeks, which period may be extended for an additional 26 weeks or less, if such extended period is determined to be necessary and proper by a judge of compensation claims. However, a carrier or employer is not precluded from voluntarily paying additional temporary total disability compensation beyond that period.
§ 440.491(6)(b), Fla. Stat. (Supp.1994)(emphasis supplied). Inclusio unius est exclusio alterius. Only if additional payments-beyond those required during the initial period of up to twenty-six weeks' training and education approved by the Division of Workers' Compensationare sought by the injured employee and opposed by the employer does either have any right to a decision by the judge of compensation claims concerning "additional temporary total compensation while the employee receives ... training and education." § 440.491(6)(b), Fla. Stat. (Supp. 1994).
This is the "additional temporary total disability compensation" to which Florida Administrative Code Rule 38F-55.015(8) refers. Another rule the Division of Workers' Compensation promulgated after the present statute was enacted leaves no doubt that the Division interprets the statute to make compensation payments during the initial period of up to twenty-six weeks' training and education mandatory. Florida Administrative Code Rule 38F-55.006 requires the employer's insurance carrier to provide any injured employee written notice which may include the following:
Upon request, the Division will review your case to determine whether a vocational evaluation is appropriate to determine your reemployment service needs, if any, to return you to suitable gainful employment. If reemployment services are necessary, the Division will pay the cost of the approved reemployment plan, including the cost of lodging, board and travel if you are required to temporarily relocate to participate in the approved program. Additionally, if you have reached maximum medical improvement, the carrier shall pay temporary total disability payments for a period up to 26 weeks upon beginning a Division approved retraining program or vocational service plan or the carrier may elect to pay temporary partial disability/wage loss benefits if you earn wages as a result of on-the-job training or work while enrolled in a program. An additional 26 weeks may be approved if deemed necessary by the Judge of Compensation Claims.

Fla. Admin. Code R. 38F-55.006(2)(emphasis added). "[A]n agency's interpretation of a statute it is charged with enforcing is entitled to great deference." Ameristeel Corp. v. Clark, 691 So.2d 473, 477 (Fla. 1997). Accord Morris v. Division of Retirement, 696 So.2d 380 (Fla. 1st DCA 1997); Braman Cadillac, Inc. v. Department of Highway Safety and Motor Vehicles, 584 So.2d 1047, 1050 (Fla. 1st DCA 1991); PAC for Equality v. Department of State, Fla. Elections Comm'n, 542 So.2d 459 (Fla. 2d DCA 1989); PW Ventures, Inc. v. Nichols, 533 So.2d 281 (Fla.1988); Shell Harbor Group, Inc. v. Department of Bus. Regulation, Div. of Alcoholic Beverages and Tobacco, 487 So.2d 1141 (Fla. 1st DCA 1986); Department of Prof'l Regulation, Bd. of Med. Exam'rs v. Durrani, 455 So.2d 515 (Fla. 1st DCA 1984). The expertise of a judge of compensation claims in construing the Workers' Compensation Law is entitled to no less deference.
On the question whether Mr. Campbell needed rehabilitative training, appellants *206 never responded to the Division's invitation for input. This omission notwithstanding, appellants argue that they were entitled, as a matter of constitutional right, to a hearing before the judge of compensation claims on the question of compensation benefits payable during the initial period of up to twentysix weeks of Division-approved training or education. Appellants' argument ignores the statutory linkage between such benefits and Division approval of training and education. It also fails to take into account the "[Administrative Procedure] Act's impressive arsenal of varied and abundant remedies for administrative error." State ex rel. Department of Gen. Servs. v. Willis, 344 So.2d 580, 590 (Fla. 1st DCA 1977).
Unlike judges of compensation claims, § 120.80(10)(b), Fla. Stat. (Supp.1996) and § 440.021, Fla. Stat. (1995), the Division of Workers' Compensation within the Department of Labor and Employment Security is subject to the Administrative Procedure Act, with exceptions not pertinent here. We know of no constitutional distinction or theory that could give rise to a right for a factual dispute to be heard before a judge of compensation claims instead of before an agency head or an administrative law judge. Administrative law judges and agency heads in the executive branch are, like judges of compensation claims, "administrative officers ... granted quasi-judicial power in matters connected with the functions of their offices." Fla. Const., art. V, § 1 (1972). The Division's approval of Mr. Campbell's request for trainingwhich made him eligible for temporary total compensation benefits during up to twenty-six weeks of trainingwas agency action as to which appellants failed to seek a section 120.57 hearing or any redress under the Administrative Procedure Act below. Nor do they seek relief under the Administrative Procedure Act here.
Affirmed.
ERVIN, J., concurs.
KAHN, J., dissents with written opinion.
KAHN, Judge, dissenting.
I am unable to find that the Florida Legislature intended to divest judges of compensation claims of the authority to decide entitlement to temporary total compensation when such is called for under section 440.491(6)(b), Florida Statutes (Supp.1994). The entitlement to such additional benefits is dependent upon a factual predicate. The statute provides for these benefits "when it appears" that an injured employee requires vocational training and education in order to qualify for suitable employment. Accordingly, a factual decision must be made. I would hold, therefore, that the judge of compensation claims erred when he found he had "no discretion to deny temporary total disability benefits when the claimant has been approved by the Division of Workers' Compensation for `training and education.'"
In my estimation, the review procedure contemplated by the majority places employer/carriers and injured employees on unfamiliar turf by yanking them out of the domain of the judge of compensation claims for review of the decision concerning additional temporary total compensation for an initial 26-week period. The result is even more anomalous when one considers that the statute itself provides that the necessity of compensation beyond the initial 26 weeks is to be determined by a judge of compensation claims.
The majority's route to benefits, or denial of benefits, would proceed as follows:
1. Approval of a program of training and education by the Division of Worker's Compensation;
2. Request for hearing before an administrative law judge;
3. Proceeding for a final order before the agency head;
4. Review under section 120.68, Florida Statutes, by one of five district courts of appeal;
5. (In those instances where an additional 26 weeks of compensation is sought) Petition for benefits before the judge of compensation claims;
6. Review by the First District Court of Appeal.
Not only would administrative law judges with no experience in the area of workers' compensation be called upon to decide these *207 issues, the four district courts of appeal that have never dealt with review of workers' compensation matters would hear the appeals. The Rube Goldbergesque complexity of this scheme is completely at odds with the goals of our workers' compensation law.