LEWIS, J.
Douglas Workman (“claimant”) seeks review of an order denying him rehabilitative temporary total compensation benefits while he was in an approved training and education program. He also claims that the Judge of Compensation Claims (“JCC”) erred in denying him temporary partial disability (“TPD”) benefits while in the program. Finally, he argues that the JCC erred in denying his request for attorney’s fees, costs, interest, and penalties. We affirm in part, reverse in part, and remand for further proceedings.
On August 15, 1996, the claimant sustained an injury while working for Joe Brown Aluminum, the employer. The claimant was helping set up a modular building when he misstepped and fell three to four feet. He was diagnosed with a disc herniation at C3-C4 and underwent physical therapy and a cervical diskectomy. The claimant reached MMI on March 16, 1998, with a 9% permanent impairment rating.
Pursuant to the claimant’s request for reemployment services, the Division of Workers’ Compensation (“Division”) ap *1184 proved the claimant for training and education in computer-aided drafting and design. The claimant entered into a written agreement with the Division for a two-year training program. The written agreement provided that the claimant would repeat any withdrawn courses at his own expense unless the Division authorized the withdrawal based on documented medical exac-erbations. The agreement also indicated that the Division would terminate its sponsorship if the claimant failed to attend the approved program on a full-time basis for reasons other than medical exacerbations.
The claimant began taking three courses on August 28, 1999. However, on October 8, 1999, he withdrew from two of the three courses but did not provide any medical reasons for his withdrawal. Subsequently, the Division, by letter dated January 18, 2000, found that the claimant had abandoned the approved program as of October 8, 1999. The Division terminated its sponsorship of the claimant in the training program because he failed to comply with the agreement and maintain fulltime status. During the time he was attending the training program, the claimant worked for D & J Mobile Home and Modular Setup, in which he also had 20% ownership.
The claimant filed a petition for benefits on November 23, 1999, seeking rehabilitative temporary total disability (“TTD”) benefits. The employer and its carrier, Hu-mana Workers’ Compensation Services, (“E/C”) controverted the claim, arguing that the claimant was working during this time period and, therefore, not entitled to any compensation benefits. The E/C had paid TTD benefits from August 23, 1999, to September 5, 1999, but contended that these benefits were an overpayment. The issue, at the hearing, included whether the claimant was entitled to rehabilitative TTD benefits or rehabilitative TPD benefits pursuant to section 440.491(6)(b), Florida Statutes (Supp.1996), from August 23 1999, to December 16,1999.
After the hearing, the JCC found that the claimant was not entitled to any additional rehabilitative TTD benefits. The claimant had abandoned the approved program on October 8, 1999, and failed to present any evidence of any medical basis for his noncompliance with the training program. In addition, the JCC held that the claimant did not request TPD benefits, and even if the claimant had, the claimant’s earnings and wages exceeded any entitlement to such benefits. The JCC, therefore, denied the claimant’s request for attorney’s fees, costs, interest and penalties.
Section 440.491(6)(b), Florida Statutes, provides that:
When it appears that an employee who has attained maximum medical improvement requires training and education to obtain suitable gainful employment, the employer shall pay the employee additional temporary total compensation while the employee receives such training and education for a period not to exceed 26 weeks, which period may be extended for an additional 26 weeks or less, if such extended period is determined to be necessary and proper by a judge of compensation claims.
(emphasis added). This Court has previously stated that this section mandates that the E/C make compensation payments, not to exceed 26 weeks, while the employee receives training and education. Ring Power Corp. v. Campbell, 697 So.2d 203, 205 (Fla. 1st DCA 1997). The Division has also interpreted this statute to direct the E/C to make mandatory compensation payments during the initial period of up to 26 weeks’ training and education. See Fla. Admin. Code R. 38F-55.006(2). This Court further held in Ring Power that once the Division approves a *1185 training and education program for the claimant, the JCC lacks discretion to deny the claimant any temporary total compensation benefits during this 26 week period. Ring Power, 697 So.2d at 205-06. The Division’s approval of a training and education program for a claimant is agency action for which an E/C must seek administrative review through the Administrative Procedure Act. Id. at 206.
Here, the E/C failed to pay the mandatory TTD benefits as required by statute. The Division had approved the claimant for a two-year training program, and the claimant began receiving training on August 23, 1999. Although the claimant did not successfully complete the training program, he was entitled to the mandatory TTD benefits until the Division terminated its sponsorship of the claimant’s training and determined that the claimant had abandoned the training program as of October 8, 1999. Once the Division approved the claimant for the training program, the mandatory provision in section 440.491(6)(b), Florida Statutes, required the E/C to pay TTD benefits. The Division’s approval of the claimant’s request for training — making the claimant eligible for rehabilitative TTD benefits during the initial 26 weeks of training-was agency action of which the E/C failed to seek a section 120.57 hearing or any relief under the Administrative Procedure Act below. See Ring Power, 697 So.2d at 206. Upon the claimant’s petition for rehabilitative TTD benefits when the E/C failed to pay, the JCC lacked discretion to not order payment of the rehabilitative TTD benefits when the claimant had been approved by the Division for training and education. Accordingly, we reverse the JCC’s denial of rehabilitative temporary total benefits for the period of August 23, 1999, through October 8, 1999.
The claimant also seeks rehabilitative TTD benefits for the period from October 9, 1999, to December 16, 1999. He claims that he is entitled to those benefits because he attended and completed one of the three approved courses. However, the Division terminated its retraining sponsorship and determined that the claimant had abandoned the approved program as' of October 8, 1999. The Division’s termination of its sponsorship of the claimant’s education and training program — making the claimant ineligible for continued receipt of TTD benefits under section 440.491(6)(b)j Florida Statutes-was agency action of which the claimant failed to seek a section 120.57 hearing or any relief under the Administrative Procedure Act below. See Ring Power, 697 So.2d at 206. The Division, rather than the JCC, has sole jurisdiction to determine whether the claimant was or was not entitled to or continued to be entitled to training and education benefits. As the claimant failed to seek relief under the Administrative Procedure Act, we affirm the JCC’s refusal to order rehabilitative temporary total benefits from October 9, 1999, to December 16, 1999.
The E/C contend that the claimant is not entitled to rehabilitative TTD benefits because he was employed while participating in the training and education. They argue that an award of rehabilitative TTD benefits requires that the claimant be temporarily unable to work as a result of a work injury. However, the E/C failed to raise, in the proper forum, the question of the claimant’s actual employment once the Division approved the claimant for training. Pursuant to Ring Power, the proper avenue for contesting the Division’s approval is through a review under the Administrative Procedure Act. Therefore, the E/C cannot raise this issue before the JCC.
*1186 The claimant also argues that he is entitled to TPD benefits from August 28, 1999, through October 8, 1999. We note that the claimant only requested rehabilitative TTD benefits and made no specific claim for TPD benefits. Section 440.491(6)(b), Florida Statutes, does not authorize the payment of TPD benefits while the claimant participates in an approved training and education program. This section only requires the payment of temporary total compensation. Therefore, we affirm the JCC’s denial of TPD benefits.
Finally, as the JCC failed to order the payment of the mandatory TTD benefits, the JCC erred in denying the claimant’s request for attorney’s fees, costs, interest or penalties. We, accordingly, reverse and remand for the JCC to determine the claimant’s entitlement to, and the corresponding amount of, attorney’s fees, costs, interest and penalties.
AFFIRMED in part; REVERSED in part; REMANDED for further proceedings.
DAVIS and PADOVANO, JJ., CONCUR.