584 So.2d 1047 (1991)
BRAMAN CADILLAC, INC., Appellant,
v.
DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, STATE OF FLORIDA, and WWW Enterprises, Inc., d/b/a Williamson Pontiac-Cadillac-Mazda and General Motors Corporation/Cadillac Motor Car Division, Appellees.
BRAMAN CADILLAC, INC., Appellant,
v.
DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, STATE OF FLORIDA, and University Cadillac, Inc., Pembroke Pines, Florida and General Motors Corporation/Cadillac Motor Car Division, Appellees.
Nos. 90-718, 90-908.
District Court of Appeal of Florida, First District.
July 25, 1991.
Parker D. Thomson and R. Marcus Cobourn of Thomson, Muraro, Bohrer & Razook, P.A., Miami, for appellant.
*1048 Enoch Whitney, Gen. Counsel, and Michael J. Alderman, Asst. Gen. Counsel, Dept. of Highway Safety & Motor Vehicles, Tallahassee, for appellee Dept. of Highway Safety & Motor Vehicles.
Michael A. Fogarty and Linda Julin McNamara of Glenn, Rasmussen, Fogarty, Merryday & Russo, Tampa, for appellee WWW Enterprises, Inc. in Case No. 90-718.
Edward W. Risko, Office of Gen. Counsel, Gen. Motors Corp., Detroit, Mich., Vasilis C. Katsafanas and Dean Bunch of Rumberger, Kirk, Caldwell, Cabaniss, Burke & Wechsler, Orlando, for appellee Gen. Motors Corp.
NIMMONS, Judge.
Braman Cadillac, Inc. (Braman), challenges two final administrative orders from the Department of Highway Safety and Motor Vehicles (Department) dismissing its petitions for formal proceedings due to its lack of standing. Braman asserts that it is entitled to standing under Sections 320.642, 320.699, 320.6992 and 120.57, Florida Statutes. For purposes of this appeal, we have consolidated review of the Department's denial of Braman's petitions against WWW Enterprises, Inc. in Case No. 90-718 and against University Cadillac, Inc. in Case No. 90-908.[1] We affirm.
Appellant Braman Cadillac operates a General Motors franchise dealership in Dade County. It initially filed a petition seeking a formal hearing pursuant to Section 320.699(1)(a), Florida Statutes (Supp. 1988) and Section 120.57(1), Florida Statutes to protest WWW Enterprises' application for a new or additional Cadillac automobile dealership in Homestead, Florida. In response, WWW Enterprises argued that the Department should dismiss Braman's petition because Braman had failed to allege any violations of Section 320.60-320.70 Florida Statutes.[2] Braman amended its petition, alleging that WWW Enterprises, the dealer seeking the additional dealership, had not met its burden of showing that Cadillac dealerships were inadequately represented in the local market area and thus failed to qualify for a Department license. Braman moved to strike WWW's motion to dismiss on the grounds that WWW is not a party to the proceedings and the manufacturer or distributor of Cadillac Motor Division should be appearing under Section 320.642 "as the licensee is the party which has the burden of proof in an administrative hearing to establish the need for a new or expanded dealership by showing inadequate representation in the area." GM subsequently entered the proceedings, adopting WWW's motion to dismiss, arguing that WWW is a proper party under Sections 320.64 and 320.27, Florida Statutes.
General Motors Corporation (GM) also argued that Section 320.699(1)(a), Florida Statutes (Supp. 1988) did not set forth grounds for standing independent of those set forth in Section 320.642(3)(b), Florida Statutes.
Section 320.699, in pertinent part, states:
320.699 Administrative hearings and adjudications; procedure. 
(1) A motor vehicle dealer, or person with entitlements to or in a motor vehicle dealer, who is directly and adversely affected by the action or conduct of an applicant or licensee which is alleged to be in violation of any provision of ss. 320.60-320.70, may seek a declaration and adjudication of its rights with respect to the alleged action or conduct of the applicant or licensee by:
(a) Filing with the department a request for a proceeding and an administrative hearing which conforms substantially with the requirements of s. 120.57; or
(b) Filing with the department a written objection or notice of protest pursuant to s. 320.642.

*1049 (2) If a written objection or notice of protest is filed with the department under paragraph (1)(b), a hearing shall be held within 180 days of the date of filing of the first objection or notice of protest, unless the time is extended by the hearing officer for good cause shown. If a hearing is not scheduled within said time, any party may request such hearing which shall be held forthwith by the hearing officer.
A hearing was held on the motion to strike, which Braman acknowledged was moot after GM joined WWW Enterprises in the proceedings. In his order on Braman's motion to strike, the hearing officer stated in part that Section 320.699 did not provide independent standing grounds beyond those expressed in Section 320.642. Braman requested another hearing, asserting that it met the standing requirements set forth under Section 320.642(3)(b). It asserted that WWW Enterprises, Inc. and the existing Kendall-based Williamson Cadillac dealership share common ownership, such that the existing Williamson dealership and WWW Enterprises are essentially a single entity.[3] Braman thus argues that since it is located within the geographical and sales parameters of Section 320.642(3)(b) with respect to the existing Kendall-based Williamson dealership, Braman has standing to protest the proposed Homestead-based Williamson dealership.
Section 320.642(3)(b), Florida Statutes (Supp. 1988), states:
(b) If the proposed additional or relocated motor vehicle dealer is to be located in a county with a population of more than 300,000 according to the most recent data of the United States Census Bureau or the data of the Bureau of Economic and Business Research of the University of Florida:
1. Any existing motor vehicle dealer or dealers of the same line-make have a licensed franchise location within a radius of 12.5 miles of the location of the proposed additional or relocated motor vehicle dealer; or
2. Any existing motor vehicle dealer or dealers of the same line-make can establish that during any 12-month period of the 36-month period preceding the filing of the licensee's application for the proposed dealership, such dealer or its predecessor made 25 percent of its retail sales of new motor vehicles to persons whose registered household addresses were located within a radius of 12.5 miles of the location of the proposed additional or relocated motor vehicle dealer; provided such existing dealer is located in the same county or any county continguous to the county where the additional or relocated dealer is proposed to be located.
In his recommended order, the hearing officer recommended dismissal of Braman's petition. The hearing officer found that "nothing in the statute [Section 320.642(3)(b)] authorizes or requires an analysis of the shareholders of the proposed additional dealership, so that the protesting dealer can claim standing, based on [its proximity to] the location of or the sales made by some third dealership, such as Williamson Cadillac." The hearing officer further held that Braman did not meet the standing criteria of Section 320.642(3)(b). Braman asserted various exceptions which were denied. The Department adopted the recommended order and agreed with the hearing officer's denial of Braman's exceptions.
Braman's primary argument is that the Department erred in construing Section 320.642(3)(b) to restrict standing. It therefore asserts that the Department's construction of the statute is impermissible since Braman qualifies under Section 320.642(3)(b), standing criteria with respect to the existing Kendall-based Williamson dealership, which through WWW Enterprises has essentially created a corporate alter *1050 ego in the proposed Homestead-based Williamson dealership.
Appellees argue that under a plain interpretation of the above section, Braman fails to meet the standing criteria because Braman is neither located within 12.5 miles of the location of the proposed additional motor vehicle dealer nor has made 25% of its retail sales of new motor vehicles to persons whose registered household addresses were located within a radius of 12.5 miles of the location of the proposed motor vehicle dealership during any 12 months of the last 36 months, as required under Section 320.642(3).
We find that the Department's holding that Braman does not qualify under the Section 320.642 standing requirements is correct. First, a plain interpretation of the statute clearly shows that Braman is not located within any of the parameters necessary to confer standing upon it. The Section 320.642(3)(b) standing test clearly circumscribes the criteria which protesting parties must meet to contest the issuance of a new or additional dealership license. Braman cannot meet these requirements, and we will not construe this section to expand standing to entities which are not within the parameters plainly set forth by the Florida Legislature.
We also note that administrative agencies are afforded wide discretion in interpreting statutes which they administer. An agency's statutory construction is entitled to great weight and is not to be overturned on appeal, unless clearly erroneous. Skiff's Workingman's Nursery v. DOT, 557 So.2d 233, 234 (Fla.4th DCA 1990). The Department adopted the recommended order which found that "nothing in the statute authorizes or requires an analysis of the shareholders of the proposed additional motor vehicle dealership so that the protesting dealer can claim standing based on the location or the sales made by some third dealership, such as Williamson Cadillac." We agree.
Additionally, we note that the legislature has set forth in Section 320.605 the purpose of the Act. Section 320.605 states:
It is the intent of the legislature to protect the public health, safety and welfare of the citizens of the state by regulating the licensing of motor vehicle dealers and manufacturers, maintaining competition, providing consumer protection and fair trade and providing minorities with opportunities for full participation as motor vehicle dealers.
We find no evidence thus far that the agency's plain interpretation would eviscerate, as Braman contends, the legislative purpose set forth in this provision. We have also reviewed Braman's other arguments, including their contention that Braman will suffer impairment of its contractual relationship with GM and find this argument to be without merit for purposes of conferring standing under Section 320.642.
As its second point, Braman contends that it is entitled to standing under Section 320.699, Florida Statutes. This section addresses the types of administrative hearings which the Legislature contemplated under Sections 320.60 to 320.70. Parties seeking to redress grievances may petition for a hearing under Section 120.57(1)(a) or may pursue an action under Section 320.642, if they file a "written objection or notice of protest." Under the plain language of Section 320.699(1), a dealer, such as Braman, must be "a directly and adversely affected party affected by the action or conduct of an applicant or licensee which is alleged to be in violation of any provision of ss. 320.60-320.70." Reviewing the four corners of Braman's complaints, it appears that Braman did not allege any substantive violations of the provisions of Sections 320.60 to 320.70. In case 90-718, Braman did not allege any specific statutory allegations in either the initial or amended petition. In case 90-908, Braman asserted a violation of a clause in Section 320.605, the legislative intent of the Motor Vehicle Act, which asserts that "maintaining competition" is one of the purposes of the act.
We construe Section 320.699 as providing standing to any directly and adversely affected party who can assert a *1051 violation of Section 320.60-320.70 which is substantive in nature. Alleging general violations of legislative intent, without more, is an insufficient basis to gain standing. Similarly, Braman's argument that its contractual rights with GM are impaired here is an insufficient basis for entitlement to standing.
We also reject Braman's argument that it qualifies under Section 120.57(1) Florida Statutes, for standing to protest in the present posture of the case. See Agrico Chemical Co. v. Dept. of Environmental Regulation, 406 So.2d 478 (Fla.2d DCA 1981).[4] We have also reviewed Braman's standing claim under Section 320.6992, Florida Statutes, based on the alleged unconstitutional impairment of the franchise agreement with GM and find it to be without merit.
Therefore, we affirm on all issues.
ERVIN, J., concurs.
ZEHMER, J., concurs with written opinion.
ZEHMER, Judge (concurring).
I concur in the opinion and decision to affirm the lack of standing in this administrative case. Braman Cadillac clearly failed to demonstrate standing under the cited statutory provisions. While the essence of its objections to the new dealerships is primarily predicated on conditions in its franchise agreement with General Motors, it seems to me that such objections should be appropriately considered in the administrative permitting process. Since they cannot, I agree with the hearing officer that Braman Cadillac must look to the circuit court for any relief based on its franchise agreement. In any event, it cannot be said that Braman has not aggressively attempted to fully exhaust its administrative remedies.
NOTES
[1] We have set forth the facts in Case No. 90-718 because the case appears to better illustrate appellant's contentions. The facts in Case No. 90-908 are substantially similar.
[2] In Case No. 90-908, Braman alleged a violation of the maintenance of competition clause of Section 320.605, Florida Statutes. The legislative purpose of the Motor Vehicle Act was enunciated in 1988 in Section 320.605.
[3] Braman notes in its brief that Section 320.60(2), Florida Statutes states:

(2) "Common entity" means a person:
(a) Who is either controlled or owned, beneficially or of record, by one or more persons or owns more than 40 percent of the voting equity interests of a manufacturer; or
(b) who shares directors or officers or partners with a manufacturer.
[4] See Dore, Access to Florida Administrative Proceedings, 13 Fla.St.U.L.Rev. 967, 1111, which states that:

While it is clear that no law external to chapter 120 must require a hearing to be held before a person can claim a right to section 120.57 proceedings, it is equally clear that external law may limit access to those proceedings.