696 So.2d 380 (1997)
Robert P. MORRIS, Appellant,
v.
DIVISION OF RETIREMENT, Appellee.
No. 96-2316.
District Court of Appeal of Florida, First District.
May 12, 1997.
Rehearing Denied July 9, 1997.
*381 Wilfred C. Varn and Robert M. Ervin, Jr. of the law firm of Ervin, Varn, Jacobs & Ervin, Tallahassee, for Appellant.
Robert B. Button, Assistant Division Attorney, Division of Retirement, Tallahassee, for Appellee.
BENTON, Judge.
Robert P. Morris appeals a final order of the Florida Division of Retirement denying him additional state retirement benefits he seeks on account of the time he spent as a cadet at the United States Military Academy during the Korean Conflict. We affirm.
As a West Point cadet from July 5, 1950, through June 3, 1954, appellant prepared for his career as an officer in the regular army, a career from which he retired on January 1, 1975, as a lieutenant colonel. Since his retirement, Lt. Col. Morris (Ret.) has received military retirement pay. In computing his military retirement pay, the time he spent as a West Point cadet is not counted.
Discharged honorably, he began working for the State of Florida in the Department of Administration as an associate planner on January 2, 1975. Approximately four and a half years later, he left the Department of Administration for the Department of Education, where he remained employed as a program specialist until he retired, effective August 1, 1995.
Before retiring as a state employee, Lt. Col. Morris (Ret.) tendered a check in the amount of $7,568.36 to the Florida Retirement System, in an attempt to purchase state retirement credit for time he had spent as a cadet at the United States Military Academy. In response, the Division of Retirement sent a letter advising him that he was ineligible to purchase retirement credit in the Florida Retirement System. Adhering to its original position after an informal hearing, the Division of Retirement entered the final order now appealed.
Section 121.111, Florida Statutes (1995), specifies what military service is creditable for Florida Retirement System purposes.[1] Appellant relies on section 121.111(2), Florida *382 Statutes (1995), which authorizes credit for "military service as defined in s. 121.021(20)(b)." In turn, section 121.021(20)(b) defines "military service" as "actual `wartime service.'"
(20) "Military service" of any member means:
. . . . .
(b) Actual "wartime service" in the Armed Forces of the United States, as defined by s. 1.01(14), or "wartime service" in the Allied Forces, not to exceed 4 years, if credit for such service has not been granted under any other federal or state system, and provided such service is not used in any other retirement system.
Section 1.01(14), Florida Statutes (1995), defines "veteran" and delineates time periods during which a veteran must have served in order to be eligible for state retirement benefits as a "wartime veteran." Without in terms defining "wartime service," section 1.01(14) provides:
To receive benefits as a wartime veteran, a veteran must have served during one of the following periods of wartime service:
....
(e) Korean Conflict: June 27, 1950, to January 31, 1955.
A "veteran" includes a person who served in the "active military, naval, or air service" and received an honorable discharge. § 1.01(14), Fla. Stat. (1995). No Florida statute defines "active military, naval, or air service."
For certain purposes, a federal statute defines "active military, naval, or air service," to include "active duty," 38 U.S.C. § 101(24)(1995), and defines "active duty" to include "service as a cadet at the United States Military, Air Force, or Coast Guard Academy, or as a midshipman at the United States Naval Academy." 38 U.S.C. § 101(21)(D). Lt. Col. Morris (Ret.) argues that this federal statute should be looked to here, the Division's more restrictive definition of "wartime military service" notwithstanding. But, if the Legislature had intended to adopt a federal statutory definition for state retirement system purposes, it could easily have done so by reference to a federal statute, a technique it used in other parts of chapter 121. E.g., § 121.021(20)(b), Fla. Stat. (1995)("[T]his paragraph does not prohibit the use of such service as creditable service if granted and used in a pension system under chapter 67 of Title 10 of the United States Code."); § 121.111(1)(b), (c), and (e), Fla. Stat. (1995)(referencing entitlement to reemployment under the provisions of the Veteran's Reemployment Rights Act, 38 U.S.C. §§ 2021 et seq.).
No rule of construction requires resort to federal statutes simply because a term defined there for some federal purpose also appears in the Florida Statutes. Nor has it been contended that the Florida Retirement System Act was patterned after a federal *383 statute. Cf., e.g., Pasco County Sch. Bd. v. Florida Pub. Employees Relations Comm'n, 353 So.2d 108, 116 (Fla. 1st DCA 1977) ("If a Florida statute is patterned after a federal law, on the same subject, it will take the same construction in the Florida courts as its prototype has been given in the federal courts insofar as such construction is harmonious with the spirit and policy of Florida legislation on the subject.") See Department of Legal Affairs v. Rogers, 329 So.2d 257, 263 (Fla.1976)(noting similarities between Federal Trade Commission Act and Florida's "little FTC act").
The pertinent analogy to parallel federal legislation points, moreover, not in the direction appellant urges, but down the path the Division has traveled. See Horner v. Jeffrey, 823 F.2d 1521, 1526 (Fed.Cir.1987)("illogical and unfair to allow a retired military officer who was educated at the public's expense at one of the service academies and who subsequently enters government civil service upon his retirement from the military to receive credit for his military academy time for the purposes of civil service retirement"). In calculation of the amount of military retirement pay or of a federal civil service pension, federal law allows no credit for time attending a service academy. Horner. No federal statute requires that Florida law give such credit in calculation of the amount of a state pension.
As Florida's Division of Retirement construes the statutes it administers, service academy attendees are treated alike, whatever their dates of attendance. In pertinent part, a Division rule provides that a retirement system member may purchase credit only for time spent on active duty in "wartime military service," now explicitly defined to exclude attendance at a service academy.[2]
(2) Wartime Military ServiceA member whose initial date of employment in a regularly established position is before January 1, 1987, who has full-time active "wartime" military service, other than active duty for training or attendance at a military academy, in the Armed Forces of the United States or in the Allied Forces for which he is not eligible to receive retirement credit as provided in 60S-2.005(1), may receive retirement credit for such active wartime military service, not to exceed a total of 4 years provided that:
(a) The member served one or more days of his military service during one of the following periods:
....
5. Korean Conflict: Service from June 27, 1950 through January 31, 1955.
....
(j) Service credit awarded for wartime military service shall be the total number of years, months and days from and including the date of entry into active duty through the date of discharge from active duty, up to a maximum of four years.
Fla. Admin. Code R. 60S-2.005. The recent amendment to the rule did not change its substance. Although "judicial adherence to the agency's view is not demanded when it is contrary to the statute's plain meaning," PAC for Equality v. Department of State, Fla. Elections Comm'n, 542 So.2d 459, 460 (Fla. 2d DCA 1989), an administrative agency's construction of a statute it administers "should be accorded great deference unless there is clear error or conflict with the intent of the statute." Braman Cadillac, Inc. v. Department of Highway Safety and Motor Vehicles, 584 So.2d 1047, 1050 (Fla. 1st DCA 1991)("agency's statutory construction is entitled to great weight and is not to be overturned *384 on appeal, unless clearly erroneous"). Accord PW Ventures, Inc. v. Nichols, 533 So.2d 281 (Fla.1988); Shell Harbor Group, Inc. v. Department of Bus. Regulation, Div. of Alcoholic Beverages and Tobacco, 487 So.2d 1141 (Fla. 1st DCA 1986).
Even if somehow problematic, "an agency's interpretation of a statute it is charged with enforcing is entitled to great deference." Ameristeel Corp. v. Clark, 691 So.2d 473, 477 (Fla.1997). Here the Division's interpretation of the governing statutes affords similarly situated retirement system members evenhanded treatment. The Division of Retirement does not treat service academy attendees as performing creditable service for state retirement purposes by attending, just as it disallows credit for time others spend on active duty for training. "An agency's construction of the statute it administers is entitled to great weight and is not to be overturned unless clearly erroneous." Department of Prof'l Regulation, Bd. of Med. Exam'rs v. Durrani, 455 So.2d 515, 517 (Fla. 1st DCA 1984). Since the construction the Division of Retirement has placed on the Florida Retirement System Act is not clearly erroneous, it is entitled to judicial deference.
The final order of the Division of Retirement is affirmed.
BARFIELD, C.J., and KAHN, J., concur.
NOTES
[1] Credit for military service.

(1) Creditable service of any member shall also include military service as defined in s. 121.021(20)(a) if:
(a) The member is in the active employ of an employer immediately prior to such service and leaves a position, other than a temporary position, for the purpose of induction into the Armed Forces of the United States or entry upon duty in the Armed Forces of the United States;
(b) The member is entitled to reemployment under the provisions of the Veterans' Reemployment Rights Act (38 U.S.C. ss.2021 et seq.);
(c) The member applies for reemployment with the same employer within the time set forth in s.2021 or s.2024 of the Veterans' Reemployment Rights Act, whichever is applicable, and is reemployed by such employer;
(d) The member makes the required employee contributions, if any, and the employer makes the required employer contributions for the employee's membership class for each month of service credit during such period of military service, based upon the employee's rate of monthly compensation as of the date that the employee left his or her position, plus 4 percent interest on such contributions compounded annually from the due date of the contribution until July 1, 1975, and 6.5 percent interest compounded annually thereafter, until the payment is made to the proper retirement trust fund; and
(e) The period of service claimed pursuant to this subsection does not exceed the periods specified by the provisions of ss.2021 and 2024 of the Veterans' Reemployment Rights Act which are applicable in the member's case.
(2) Any member whose initial date of employment is before January 1, 1987, who has military service as defined in s. 121.021(20)(b), and who does not claim such service under subsection (1) may receive creditable service for such military service if:
(a) The member has completed a minimum of 10 years of creditable service;
(b) Creditable service, not to exceed a total of 4 years, is claimed only as service earned in the Regular Class of membership; and
(c) The member pays into the proper retirement trust fund 4 percent of gross salary, based upon his or her first year of salary subsequent to July 1, 1945, that he or she has credit for under this system, plus 4 percent interest thereon compounded annually from the date of first creditable service under this chapter until July 1, 1975, and 6.5 percent interest compounded annually thereafter, until payment is made to the proper retirement trust fund.
§ 121.111, Fla. Stat. (1995)(emphasis supplied).
[2] Florida Administrative Code Rule 60S-2.005 was amended in December of 1996 by, inter alia, adding "or attendance at a military academy" immediately following and explicating the prior formulation: "active duty for training." Although effective only after Lt. Col. Morris (Ret.) had tendered his check, the rule amendment did no more than codify policy already well established, as reflected by the last decision the Division rendered on the point before the present case arose. Deason v. Division of Retirement, Case No. DR89-11 (Fla. Div. of Retirement August 2, 1990)(wartime attendance at service academy not creditable service for state retirement purposes).

The record discloses no pertinent change in the Division's policy since the 1984 amendments to section 121.021(20)(b), Florida Statutes. Ch. 84-114, Laws of Fla. § 6 at 378. As far as appears from the record, the only time the Division ever granted retirement benefits for service academy attendance was to an individual who attended West Point during World War II. Those payments ("free form" agency action, not the result of a section 120.57 hearing) antedated the 1984 amendments which, in defining "military service," deleted a reference to a federal statute.