806 So.2d 637 (2002)
METROPOLITAN TITLE & GUARANTY CO., and Zurich-American Insurance Group, Appellants,
v.
Estevan M. MUNIZ, Appellee.
No. 1D01-330.
District Court of Appeal of Florida, First District.
February 12, 2002.
Susan M. Seigle of Ruden, McClosky, Smith, Schuster & Russell, P.A., West Palm Beach, for Appellants.
John B. Clarke of Danielson, Clarke, Charbonneau & Platt, P.A., West Palm Beach, for Appellee.
PER CURIAM.
We conclude that the award of permanent and total disability benefits must be reversed. Although the claimant proved that he sustained an injury that would qualify him for disability income benefits under the Social Security Act, he did not prove that he was at maximum medical improvement. Until an impairment rating is assigned, based on the claimant's present or expected date of maximum medical improvement, he is not entitled to permanent disability benefits. See City of Pensacola Firefighters v. Oswald, 710 So.2d 95 (Fla. 1st DCA 1998); Daws Manufacturing Co. v. Ostoyic, 756 So.2d 175 (Fla. 1st DCA 2000).
The judge of compensation claims held that the claimant was presumed to be entitled to permanent total disability benefits from the date of the accident. She relied on our decision in Temporary Labor Source v. E.H., 765 So.2d 757 (Fla. 1st DCA 2000), but that case is distinguishable. In Temporary Labor Source, the workplace accident resulted in the amputation of the worker's leg. The denial of benefits was based entirely on an assumption that the employer could defeat a claim for permanent benefits by proving that the employee could make effective use of a *638 prosthetic device. We disagreed with that assumption as a matter of law, and concluded that under section 440.15(1)(b), Florida Statutes (Supp.1994), in the absence of conclusive proof of a substantial earning capacity, the claimant was presumed to be permanently and totally disabled. We noted that no conclusive proof of the claimant's substantial earning capacity was presented to the judge of compensation claims and remanded for a determination of the claimant's entitlement to benefits under section 440.15.
We find no error in the judge's award of temporary disability benefits or in any other aspect of the order. On remand, the claimant may present evidence that he has reached maximum medical improvement if that is the case. If that is not the case, and if temporary benefits have expired, the claimant may obtain an impairment rating and seek permanent total disability benefits based on a future date of maximum medical improvements under the procedure in Oswald.
Affirmed in part and reversed in part.
PADOVANO, BROWNING and LEWIS, JJ., concur.