813 So.2d 283 (2002)
John WRIGHT, Appellant,
v.
CITY OF ROCKLEDGE and Florida League of Cities, Inc., Appellees.
No. 1D01-0683.
District Court of Appeal of Florida, First District.
April 16, 2002.
*284 Paul J. Morgan of Morgan & VanDingenen, P.A., Winter Park, for Appellant.
Lamar D. Oxford and John M. Joyce of Dean, Ringers, Morgan & Lawton, Orlando, for Appellees.
BROWNING, J.
Appellant appeals the final order of the Judge of Compensation Claims (JCC) which denied, in part, his claim for temporary disability benefits by holding the 104-week limitation period contained in sections 440.15(2)(a) and (4)(b), Florida Statutes (1997), is a calender period that expires 104-weeks following Appellant's date of accident and the first receipt of temporary disability benefits. Appellant argues the 104-week period establishes the maximum number of weekly payments a claimant can receive and, because he received only seven weeks of temporary benefits, he is entitled to an additional 97 weeks of benefits as long as he does not reach maximum medical improvement before that time. The Employer/Carrier (Appellees) assert the JCC's interpretation of the statute is correct, and the 104 weeks of temporary benefits are a consecutive rather than a cumulative time period. We agree with Appellant that the 104-week limitation period is calculated cumulatively. Accordingly, we reverse and remand.
"A reviewing court properly defers on questions of statutory interpretation to the agency to which the Legislature has given the responsibility and authority to administer the statute, unless the interpretation is clearly erroneous." Okeechobee Health Care v. Collins, 726 So.2d 775, 778 (Fla. 1st DCA 1998). Rule 38F-3.0191(1) and (3)(a) and (b), Florida Administrative Code, promulgated by the Department of Labor and Employment, Division of Workers' Compensation (the agency), provides:
(1) Temporary disability benefits include temporary total and temporary partial disability benefits and are payable for a maximum of 104 weeks. An employee's eligibility for temporary disability benefits ceases after the employee has received 104 weeks of temporary total disability benefits paid pursuant to s. 440.15(2)(a), F.S., or after the employee has received 104 weeks of temporary partial disability benefits paid pursuant to s. 440.15(4), F.S., or after the employee has received 104 weeks of any combination of these two benefits.

* * *
(3) ... These benefits will continue until one of the following happens.
* * *
(b) you have received 104 weeks of either temporary total or temporary partial disability benefits, or both combined;
Id. (Emphasis added). This court has previously construed these provisions to indicate the agency interprets the 104 week limitation contained in sections 440.15(2)(a) and (4)(b) to be the cumulative number of weeks an employee is entitled to receive temporary disability benefits. See Collins, 726 So.2d at 777 (holding the statute authorizes no more than 104 weeks of temporary disability benefits). Additionally, this court has interpreted a similar limitation period on entitlement to benefits to apply cumulatively rather than consecutively. See Winn Dixie v. Resnikoff, 659 So.2d 1297 (Fla. 1st DCA 1995) (holding 78-week eligibility period for entitlement to wage loss benefits is a cumulative period, not an *285 uninterrupted consecutive calendar period).
Accordingly, the JCC's holding is REVERSED and the case REMANDED for proceedings consistent with this opinion.
PADOVANO and LEWIS, JJ., concur.