PER CURIAM.
In this workers’ compensation case, Claimant, Randall Bober, was injured on July 5,1998, and reached MMI on May 13, 2000. Claimant received 35 weeks of temporary partial disability benefits. At the final hearing, Claimant sought the remaining 69 weeks of temporary partial disability benefits he was due pursuant to Florida Statutes section 440.15, which imposes a maximum of 104 weeks of temporary indemnity benefits. The JCC entered a final order on September 28, 2001, finding that the statutory maximum entitlement to 104 weeks of temporary indemnity benefits included 11 weeks of rehabilitative temporary total benefits which Claimant received after he reached MMI, pursuant to section 440.491. According to the JCC, Claimant was due 58 weeks of temporary partial benefits instead of the 69 weeks of temporary partial benefits he requested. Claimant appealed, claiming that the temporary rehabilitative benefits he received pursuant to section 440.491 should not be *488 included within the 104 weeks of temporary disability benefits, .as limited in section 440.15. We agree with Claimant, and reverse.
In Okeechobee Health Care v. Collins, 726 So.2d 775 (Fla. 1st DCA 1998), and City of Pensacola Firefighters v. Oswald, 710 So.2d 95 (Fla. 1st DCA 1998), this court held that an award of any combination of temporary total disability benefits and temporary partial benefits is limited to a maximum of 104 weeks. As authority for this proposition, these cases rely on section 440.15(2)(a) and (4), which expressly limit the number of weeks a claimant may be awarded temporary benefits before reaching MMI.
Here, however, Claimant received temporary rehabilitative benefits after reaching MMI, as specifically contemplated by section 440.491. See Ring Power Corp. v. Campbell, 697 So.2d 203 (Fla. 1st DCA 1997)(holding that once the Division of Workers’ Compensation authorized rehabilitative training, concomitant temporary total benefits up to 26 weeks were mandatory, even though the claimant had reached MMI). We therefore reverse, holding that Claimant was entitled to an award of 69 weeks of temporary partial disability benefits.
REVERSED.
BOOTH, BENTON and VAN NORTWICK, JJ„ concur.