PER CURIAM.
We affirm the order of the judge of compensation claims insofar as it concludes that appellee’s right knee injury was com-pensable, and also conclude that the judge of compensation claims made a “ ‘fair and reasonable calculation of average weekly wage under section 440.14(l)(d),’ ” Florida Statutes (2001). Mauranssi v. Centerline Utils. Contract Co., 685 So.2d 66, 68 (Fla. 1st DCA 1996) (quoting Jackson v. Hocha-del Roofing Co., 657 So.2d 1266, 1267-68 (Fla. 1st DCA 1995)).
But the award of temporary partial disability benefits from February 5, 1997 to October 19, 2001 exceeds the statutory maximum of 104 weeks. See §§ 440.15(2)(a), (4)(b), Fla. Stat. (2001); Bober v. Bush Air Conditioning & Claims Ctr., 826 So.2d 487, 488 (Fla. 1st DCA 2002) (“[A]n award of any combination of temporary total disability benefits and temporary partial benefits is limited to a maximum of 104 weeks.”); Okeechobee Health Care v. Collins, 726 So.2d 775, 776 (Fla. 1st DCA 1998) (“[T]he Legislature intended to limit temporary disability benefits, whether payable under [section 440.15] subsection (2) or under subsection (4), to 104 weeks.”). Accordingly, we reverse the order under review insofar as it awards excessive temporary disability benefits, “and remand for entry of an order that does not award temporary disability benefits for periods aggregating more than 104 weeks.” Collins, 726 So.2d at 775.
Affirmed in part, reversed in part, and remanded.
ALLEN, DAVIS, and BENTON, JJ., concur.