889 So.2d 125 (2004)
Janice COOPER, Appellant,
v.
BUDDY FREDDY'S RESTAURANT and Travelers Insurance Company, Appellees.
No. 1D03-4657.
District Court of Appeal of Florida, First District.
November 30, 2004.
Christopher B. Young, St. Petersburg, for Appellant.
Daniel J. Ewin, of Dubbeld & Kaelber, P.A., St. Petersburg, for Appellees.
*126 KAHN, J.
In this case, the Judge of Compensation Claims (JCC) denied claimant's petition for impairment benefits under section 440.15(3)(a), Florida Statutes (1999), because claimant had not yet reached maximum medical improvement (MMI) for her psychiatric condition and had received only 36 weeks of temporary disability benefits. Contrary to claimant's arguments on appeal, the JCC's order follows both the workers' compensation statutes and our previous decisions. Section 440.15(3)(a)3., Florida Statutes (1999), states that an "employee's entitlement to impairment income benefits begins the day after the employee reaches maximum medical improvement or the expiration of temporary benefits." Section 440.15(3)(a)4. requires assignment of an impairment rating when a claimant has "reached maximum medical improvement or 6 weeks before the expiration of temporary benefits, whichever occurs earlier." Accordingly, we have consistently held that a claim for impairment or permanent disability benefits made before a claimant has reached MMI or received 98 weeks of temporary benefits is premature. See, e.g., G. Pierce Woods Mem'l Hosp. v. Lewis, 879 So.2d 643, 644 (Fla. 1st DCA 2004) (finding claim for PTD premature absent a showing of MMI or applicable "exception to the MMI requirement"); Metro. Title & Guar. Co. v. Muniz, 806 So.2d 637, 637 (Fla. 1st DCA 2002) ("Until an impairment rating is assigned, based on the claimant's present or expected date of maximum medical improvement, he is not entitled to permanent disability benefits."); Okeechobee Health Care v. Collins, 726 So.2d 775, 777 n. (Fla. 1st DCA 1998) ("Until maximum medical improvement or until the expiration of all temporary benefits is imminent, assigning [an impairment] rating serves no purpose under the statute."). Here, the claimant has neither reached psychiatric MMI nor received 98 weeks of temporary benefits.
Contrary to claimant's assumption, the JCC's order does not foreclose the possibility she will ever receive 104 weeks of temporary disability benefits. The JCC wrote: "[T]he claimant in the case at bar has not received 104 weeks of indemnity benefits, and pursuant to the Order herein, will not receive 104 weeks of temporary indemnity benefits so as to qualify her for [indemnity benefits]." We do not read this language to say that claimant may not seek temporary disability benefits in the future. As we read it, the JCC's order simply states that impairment benefits could not be awarded because claimant had not reached MMI and had not received 104 weeks of temporary benefits. The JCC's statement that claimant "will not receive 104 weeks of temporary indemnity benefits" refers to the JCC's denial of temporary benefits earlier in the order, a matter not otherwise relevant on this appeal. Claimant's 104 weeks of eligibility is measured in terms of cumulative payments received rather than consecutive weeks from the date of her accident. See Wright v. City of Rockledge, 813 So.2d 283, 284 (Fla. 1st DCA 2002). Thus, the JCC's order does not impair claimant's right to seek temporary disability for any period following the final hearing in this case.
We AFFIRM the order denying impairment benefits to claimant.
WEBSTER and POLSTON, JJ., concur.