914 So.2d 986 (2005)
Anna Michelle MACK, Appellant,
v.
DEPARTMENT OF FINANCIAL SERVICES, STATE OF FLORIDA, Appellee.
No. 1D04-3458.
District Court of Appeal of Florida, First District.
October 6, 2005.
Rehearing Denied November 29, 2005.
*987 Jed Berman, Esquire of Infantino and Berman, Winter Park, for Appellant.
Robert Alan Fox, Senior Attorney, Tallahassee, for Appellee.
BENTON, J.
Anna Michelle Mack appeals a final order of the Department of Financial Services, adopting a recommended order that found she had violated various provisions of the insurance code, and suspending her license to sell insurance for a period of twelve months. We affirm.
Ms. Mack holds a limited customer service representative insurance license, authorizing her to sell automobile insurance, but not other property and casualty insurance, such as homeowner's, mobile home homeowner's, or general liability. (She had taken the test for a general lines agent (also called a 2-20) license in July of 2000, but failed the test.) The Department proceeded against her on an administrative complaint alleging three counts.
In Count I, the Department alleged that she acted as a general lines agent, outside her license restrictions, in selling mobile home homeowner's insurance, and that she sold an ancillary contract along with the mobile home homeowner's insurance policy, without explaining that it was separate from the policy and entailed an additional cost. Count II was dismissed after the hearing. Count III alleged violations of the insurance code in connection with a transaction between Ms. Webster, an unlicensed employee in the insurance agency where Ms. Mack worked, and a Ms. Brown.
Not all of the issues urged on appeal were preserved. See Worster v. Dep't of Health, 767 So.2d 1239, 1240 (Fla. 1st DCA *988 2000) ("In an appeal from an administrative proceeding, a party cannot argue on appeal matters which were not properly excepted to or challenged before the agency."). Some were not even mentioned below.
None of the issues properly before us pertaining to Count I constitute error. Count I alleged that Ms. Mack violated sections 624.11(1), 626.611(5), (7), (8), (9) and (13), 626.621(2), (3) and (12), 626.9521(1), and 626.9541(1)(z)(2.) and (3.), Florida Statutes (2001), in selling a mobile home homeowner's insurance policy to a Mr. Yettman. Count I proceeded on two basic theories: that Ms. Mack sold Mr. Yettman an ancillary product without informing him that it was separate from and involved an expense in addition to the mobile home homeowner's insurance policy; and that she sold an insurance policy to Mr. Yettman for which she did not have the requisite license. The Department determined that Ms. Mack violated the insurance code on both theories.
Mr. Yettman's premium for mobile home homeowner's insurance was $377, but he was also charged $75 for the "Nation Homeowners" plan, consisting principally of the benefits of a "motor club." Mr. Yettman testified that, although he realized that he purchased and paid for the Nation Homeowners plan, he did not realize that it was an optional item, separate from his mobile home homeowner's policy. The Department adopted the administrative law judge's finding that neither Ms. Mack nor anyone else explained this fact to Mr. Yettman.
In accomplishing this transaction, he dealt only with Ms. Mack. At one point, however, she turned to another agent in the office, who held a 2-20 license, for assistance with "the cost estimator" used to value Mr. Yettman's mobile home. Ms. Mack testified she was under the other agent's supervision the whole time, training for her 2-20 license (even though by then she had already spent more than the year in training that the Department requires). She argues that her otherwise prohibited conduct was "sheltered" by section 626.732(1)(c), Florida Statutes (2001), which requires a person applying for a general lines license to complete at least one year "in responsible insurance duties" before licensure.
The Department concedes that no statute or rule defines the "responsible insurance duties" a trainee may or must perform. But it contends that section 626.041(2), Florida Statutes (2001), prohibits all unlicensed persons, without exception, from doing any of the acts specified in section 626.041(2), including taking an insured's money, giving a receipt for the money, and procuring an application for insurance, all of which Ms. Mack did in dealing with Mr. Yettman.
The Department concluded that Ms. Mack was aware of her customer service representative's license's limitations, but "ignored those limitations in conducting business with Mr. Yettman during his purchase of the mobile home homeowner's insurance policy." Rejecting Ms. Mack's contention that her involvement in the transaction should be considered training exempt from the prohibitions of section 626.041(2), it did not agree that she was merely performing duties necessary to qualify for the general lines agent license. The Department decided instead that the training contemplated by section 626.732(1)(c) need not be inconsistent with the prohibitions laid down by section 626.041(2).
In doing so, the Department interpreted the statutes in keeping with accepted canons: Both section 626.041(2) and section 626.732(1)(c) were enacted in 1959 as a part of the original insurance code. Ch. 59-205, § 183, at 487-89, Laws of Fla. *989 (codified as section 626.041); id. § 257, at 538-39 (codified as section 626.732). Thus they should be read together. See Major v. State, 180 So.2d 335, 337 (Fla.1965); McGraw v. R & R Invs., Ltd., 877 So.2d 886, 890 (Fla. 1st DCA 2004) ("[S]tatutes relating to the same subject matter should be read in pari materia, and such rule is particularly applicable where such statutes are enacted as part of a single act."). Section 626.732(1)(c) also references section 626.041(1), further indicating that these sections should be read together. See Hechtman v. Nations Title Ins. of New York, 840 So.2d 993, 996 (Fla.2003) ("In ascertaining the legislative intent, a court must consider the plain language of the statute, give effect to all statutory provisions, and construe related provisions in harmony with one another."). We find no fault with the Department's decision to punish acts that section 626.041(2) expressly prohibits, section 626.732(1)(c) notwithstanding.
We also reject Ms. Mack's assertion that the evidence was insufficient to prove the "sliding charge" in Count I. The Department concluded that the oral explanation given to Mr. Yettman regarding the Nation Homeowners plan did not satisfy the requirements of Thomas v. Department of Insurance and Treasurer, 559 So.2d 419 (Fla. 2d DCA 1990). Accordingly, as to count I the Department determined that Ms. Mack violated, among other provisions, sections 624.11(1), 626.611(5), (7), (8), and (13), 626.621(2), (3), and (12).
"An agency's interpretation of the statute[s] that it is charged with enforcing is entitled to great deference. See Bell-South Telecommunications, Inc. v. Johnson, 708 So.2d 594, 596 (Fla.1998)." Level 3 Commc'ns, LLC v. Jacobs, 841 So.2d 447, 450 (Fla.2003).
Although "judicial adherence to the agency's view is not demanded when it is contrary to the statute's plain meaning," PAC for Equality v. Department of State, Fla. Elections Comm'n, 542 So.2d 459, 460 (Fla. 2d DCA 1989), an administrative agency's construction of a statute it administers "should be accorded great deference unless there is clear error or conflict with the intent of the statute." Braman Cadillac, Inc. v. Department of Highway Safety and Motor Vehicles, 584 So.2d 1047, 1050 (Fla. 1st DCA 1991)("agency's statutory construction is entitled to great weight and is not to be overturned on appeal, unless clearly erroneous"). Accord PW Ventures, Inc. v. Nichols, 533 So.2d 281 (Fla.1988); Shell Harbor Group, Inc. v. Department of Bus. Regulation, Div. of Alcoholic Beverages and Tobacco, 487 So.2d 1141 (Fla. 1st DCA 1986).
Morris v. Div. of Ret., 696 So.2d 380, 383-84 (Fla. 1st DCA 1997). See also Palm Beach County Canvassing Bd. v. Harris, 772 So.2d 1273, 1283 (Fla.2000); Fla. Dep't of Educ. v. Cooper, 858 So.2d 394, 396 (Fla. 1st DCA 2003); Motel 6, Operating L.P. v. Dep't of Bus. Reg., 560 So.2d 1322, 1323 (Fla. 1st DCA 1990).
Finally, as to Count III, the Department determined that Ms. Mack violated section 626.621(12), Florida Statutes (2001), by knowingly aiding, assisting, advising, or abetting another person in violating the insurance code. We affirm as to this count because competent, substantial evidence supports the finding that Ms. Mack assisted Ms. Webster in selling insurance to Ms. Brown, knowing that Ms. Webster did not have a license to sell insurance.
Affirmed.
VAN NORTWICK and PADOVANO, JJ., concur.