ROTHENBERG, J.
Summer Jai Alai Partners (“Summer Partners”) appeals from a final order of the Department of Business and Professional Regulation, Division of Pari-Mutuel Wagering (“Division”), denying Summer Partners’ request to relocate its converted summer jai alai permit. Because the Division’s interpretation of statutes relating to pari-mutuel wagering is entitled to great deference and its interpretation is not clearly erroneous, contrary to legislative intent, or in conflict -with the plain and ordinary meaning of the relevant statutes, we affirm.
A pari-mutuel permit was issued to Miami Beach Kennel Club, Inc., to conduct greyhound racing, which took effect upon approval by a majority of the electors who participated in a ratification election. In March 1980, Summer Partners acquired the greyhound racing permit, and thereafter, on June 26, 1980, the Division granted Summer Partners’ request to convert the greyhound racing permit to a summer jai alai permit pursuant to Chapter 80-88.[1] *306 Summer Partners then leased an existing jai alai facility at Miami Jai Alai, and Summer Partners has operated from that facility for almost thirty-five years.
Beginning in November 2011, Summer Partners began communicating with the Division regarding its intent, pursuant to section 550.0745(2) of the Florida Statutes, to relocate its summer jai alai permit from Miami Jai Alai to Magic City Casino in Miami-Dade County, while continuing to seasonally operate live jai alai performances at Miami Jai Alai. Section 550.0745(2) provides:
Such permittee is entitled to the issuance of a license for the operation of a jai alai fronton during the summer season as fixed in this section. A permittee granted a license under this section may not conduct pari-mutuel pools during the summer season except at a jai alai fron-ton as provided in this section. Such license authorizes the permittee to operate at any jai alai permittee’s plant it may lease or build within such county.
(Emphasis added).
The Division treated Summer Partners’ notification as a request to amend its summer jai alai permit, and the Division denied the request. In denying the request, the Division explained that upon the conversion of a greyhound racing permit to a summer jai alai permit, section 550.0745(2) authorizes the permittee to operate from any jai alai plant the permittee leases or builds in the county without approval by the electorate. However, once the relocation of the summer jai alai permit has occurred and the permit and license has been issued for that location, the permit-holder must comply with section 550.054, Florida Statutes (2012), if it seeks to relocate the converted summer jai alai permit to a subsequent location. Section 550.054 only allows for a change in location if the requested change is approved by the Division and the electorate. At Summer Part *307 ners’ request, the Division entered a final order, and this appeal ensued.
Summer Partners asserts that, contrary to the Division’s determination, which was based on the Division’s interpretation of several pari-mutuel statutes, Summer Partners is not required to obtain the Division’s authorization to relocate its summer jai alai permit, which was converted from a greyhound permit to a summer jai alai permit in 1980 pursuant to the predecessor of section 550.0745(1). In other words, Summer Partners disputes the Division’s interpretation of the relevant pari-mutuel statutes. However, Summer Partners’ argument fails to appreciate this Court’s standard of review.
“[A]n agency’s interpretation of a statute is entitled to considerable deference, and ‘[a] reviewing court properly defers on questions of statutory interpretation to the agency to which the Legislature has given the responsibility and authority to administer the statute, unless the interpretation is clearly erroneous.’ ” State Bd. of Admin. v. Huberty, 46 So.3d 1144, 1146 (Fla. 1st DCA 2010) (quoting Okeechobee Health Care v. Collins, 726 So.2d 775, 778 (Fla. 1st DCA 1998) (second alteration in original)). However, “a court need not defer to an agency’s construction or application of a statute if special agency expertise is not required, or if the agency’s interpretation conflicts with the plain and ordinary meaning of the statute.” Fla. Hosp. v. Agency far Health Care Admin., 823 So.2d 844, 848 (Fla. 1st DCA 2002). Thus, because the Division is the state agency that is responsible for regulating pari-mutuel wagering in Florida, see § 550.0251, Fla. Stat. (2012) (providing that the Division of Pari-mutuel Wagering of the Department of Business and Professional Regulation “shall administer [Chapter 550] and regulate the pari-mutuel industry under this chapter and the rules adopted pursuant thereto”), the Division’s interpretation of statutes- relating to- parimutuel wagering “is entitled to great deference and should not be overturned unless clearly erroneous or in conflict with the legislative intent of the statute,” Donato v. Am. Tel. & Tel. Co., 767 So.2d 1146 (Fla.2000) (quoting Mayo Clinic Jacksonville v. Dep’t of Prof'l Regulation, 625 So.2d 918, 919 (Fla. 1st DCA 1993)), or it “conflicts with the plain and ordinary meaning of the statute.” Fla. Hosp., 823 So.2d at 848.
Pursuant to section 550.054, pari-mutuel wagering permits and licenses are generally fixed to a specific location. See § 550.054(2) (providing that upon approval of a pari-mutuel wagering application by the Division, “a permit shall be issued to the applicant setting forth ... the location of the pari-mutuel facility; however, a permit is ineffectual to authorize any pari-mutuel performances until approved by a majority of the electors participating in a ratification election in the county in which the applicant proposes to conduct pari-mutuel wagering activities.”); § 550.054(9)(a) (“After a permit has been granted by the division and has been ratified and approved by the majority of the electors participating in the election in the county designated in the permit, the [D]i-vision 'shall grant to the lawful permit-holder, subject to the conditions of this chapter, a license to conduct pari-mutuel operations under this chapter, and :.. the [DJivision shall fix annually the time, place, and number of days during which pari-mutuel operations may be conducted by the permitholder at the location fixed in the permit and ratified in the election.”) (emphasis added); see also § 550.0115, Fla. Stat. (2012) (providing that after the Division issues a pari-mutu-el wagering permit and after the permit has been approved by the electorate, “the *308 [Division shall issue to the permitholder an annual license to conduct pari-mutuel operations at the location specified in the permit pursuant to the provisions of this chapter”).
Summer Partners asserts that the Division erroneously relied on section 550.054 because that provision, which relates to pari-mutuel permits in general, is in conflict with section 550.0745, which relates specifically to summer jai alai permits. In support of its position, Summer Partners relies on subsection (2) of section 550.0745, which provides, in relevant part, as follows: “Such permittee is entitled to the issuance of a license for the operation of a jai alai fronton during the summer season.... Such license authorizes the permittee to operate at any jai alai permittee’s plant it may lease or build within such county.” (emphasis added).
The Division determined that section 550.0745(2) does not allow a summer jai alai permitholder to continuously relocate its permit. The Division’s interpretation begins with its recognition of the general provisions regulating pari-mutuel permits. Generally, the location of a pari-mutuel permit is fixed once it has been approved by the Division, ratified and approved by the electorate, and issued by the Division. § 550.054. Section 550.0745, which pertains to the conversion of an underper-forming pari-mutuel permit to a summer jai alai permit, provides an exception to this general rule. Specifically, subsection (1) authorizes the conversion of pari-mutu-el permits to summer jai alai permits. Subsection (2) provides that the issuance of a license to operate at a jai alai fronton during the summer season “authorizes the permittee to operate at any jai alai permit-tee’s plant it may lease or build within such county.” The Division interprets this exception as applying to summer jai alai permits at the time of conversion, but not for subsequent attempts to relocate the operation of a summer jai alai pari-mutuel fronton. Thus, according to the Division’s interpretation of the statutes, at the time of conversion, the permittee is free to choose the location of its operation, and subsection (2) does not authorize a summer jai alai permittee to continuously relocate its operation without approval.
The Division’s interpretation is supported by the language set forth in subsection (1), which provides: “Such permittee ... is bound by all of the rules and provisions of this chapter which apply to the operation of winter jai alai frontons.” § 550.0745(1). Consequently, the Division concluded that section 550.054 also applies to the holder of a summer jai alai permit, and therefore, like a winter jai alai permit, the summer jai alai permit is tied to a specific location. As Summer Partners has already placed its converted summer jai alai permit at the Miami Jai Alai facility, the Division claims that Summer Partners’ request to relocate the summer jai alai permit to the Magic City Casino location was properly denied.
Because we must give great deference to the Division’s interpretation of the relevant statutes it is charged with administering, and we cannot say its interpretation is clearly erroneous, contrary to legislative intent, or in conflict with the plain and ordinary meaning of the statutes, we affirm the final order entered by the Division denying Summer Partners’ request to relocate its summer jai alai permit.
Affirmed.

. Chapter 80-88, § 1, at 284, Laws of Florida, which took effect in mid-June 1980, first appeared in the 1981 version of the Florida Statutes as section 550.074, titled "Conversion of pari-mutuel permit to summer jai alai permit." Section 550.074 is the predecessor *306 to section 550.0745, Florida Statutes (2012), and the changes between section 550.074(1), Florida Statutes (1981), and the current version of section 550.0745(1) are not material to the instant appeal. As did section 550.074(1), section 550.0745(1) allows the owner or operator of certain underperforming pari-mutuel permits to apply to the Division to convert the underperforming pari-mutuel permit to a "permit to conduct a summer jai alai fronton in such county during the summer season." Section 550.0745(1), Florida Statutes (2012), provides as follows:
(1) The owner or operator of a pari-mu-tuel permit who is authorized by the division to conduct pari-mutuel pools on exhibition sports in any county having five or more such pari-mutuel permits and whose mutuel play from the operation of such pari-mutuel pools for the 2 consecutive years next prior to filing an application under this section has had the smallest play or total pool within the county may apply to the division to convert its permit to a permit to conduct a summer jai alai fronton in such county during the summer season commencing on May 1 and ending on November 30 of each year on such dates as may be selected by such permittee for the same number of days and performances as are allowed and granted to winter jai alai frontons within such county. If a permittee who is eligible under this section to convert a permit declines to convert, a new permit is hereby made available in that permittee’s county to conduct summer jai alai games as provided by this section, notwithstanding mileage and permit ratification requirements. If a permittee converts a quarter horse permit pursuant to this section, nothing in this section prohibits the permittee from obtaining another quarter horse permit. Such permittee shall pay the same taxes as are fixed and required to be paid from the pari-mutuel pools of winter jai alai permittees and is bound by all of the rules and provisions of this chapter which apply to the operation of winter jai alai frontons. Such permittee shall only be permitted to operate a jai alai fronton after its application has been submitted to the division and its license has been issued pursuant to the application. The license is renewable from year to year as provided by law.